## **EXHIBIT 1**



**MILBERG**LLP

NEW YORK
LOS ANGELES
TAMPA
DETROIT

Janine L. Pollack
Direct Dial: 212-946-9376
jpollack@milberg.com

March 21, 2012

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Vibram USA Inc. and
Vibram FiveFingers LLC
9 Damon Mill Square, Suite H3
Concord, MA 01742

      Re:    **Valerie Bezdek - Vibram USA Inc. and Vibram FiveFingers LLC**

Dear Sir or Madam:

      We represent Valerie Bezdek, a purchaser of Vibram FiveFingers shoes ("FiveFingers"), which we understand are manufactured, marketed and/or sold by Vibram USA Inc. and Vibram FiveFingers LLC ("the Companies"). Ms. Bezdek contends that the Companies have engaged in deceptive and misleading consumer practices in connection with the marketing and sale of FiveFingers in violation of, *inter alia*, Massachusetts General Laws c. 93A, *et seq*. Specifically, our investigation has revealed that, contrary to representations made to consumers that they will reap significant "health benefits" by running in FiveFingers, including reduced risk of injury and strengthened muscles in feet and lower legs, FiveFingers do not provide any of these purported "health benefits," and consumers have a greater risk of injury compared to a conventional running shoe.

      Based upon the information that we have discovered, the Companies have engaged in unfair methods of competition and unfair and/or deceptive acts or practices by marketing and selling FiveFingers because they do not perform as claimed, which was intended to and did, in fact, result in the unlawful sale of goods to consumers. Specifically, the Companies violated Mass. Gen. Laws c. 93A §§2, 9, and particularly, but without limitation, by:

- Unfairly and/or deceptively representing that running in FiveFingers improves foot health, reduces risk of injury, strengthens muscles in feet and lower legs, stimulates neural function, improves spine alignment and posture, reduces lower back pain, and improves proprioception more than conventional running shoes; and

One Pennsylvania Plaza · New York, NY 10119 · T 212.594.5300 · F 212.868.1229 · milberg.com

March 21, 2012
Page 2

- Unfairly and/or deceptively marketing and selling FiveFingers and continuing to place FiveFingers in the stream of commerce.

Since we believe that the FiveFingers were known by the Companies not to provide any of the purported "health benefits" in any greater degree than a conventional running shoe at all pertinent times, and that the Companies have acted affirmatively to misrepresent the significant "health benefits" of running in FiveFingers and conceal the existence of this ineffectiveness, we believe that the Companies should have alerted consumers and should not have charged a premium for this footwear. To date, the Companies continue to make these misrepresentations. We also believe that the misrepresentations made by the Companies, as well as the remedies and relief available to consumers, when these products were known not to perform as represented, constituted unconscionable conduct as detailed above and also violated the other above-identified sections of the Mass. Gen. Laws c. 93A, *et seq*.

This Notice is being served on behalf of Ms. Bezdek, and all similarly situated consumers in the United States, who hereby demand that the Companies engage in corrective advertising concerning the unfair and/or deceptive acts or practices alleged herein in violation of Mass. Gen. Laws c. 93A, *et seq.*, that the Companies cease and desist from the unlawful conduct described herein, and that the Companies reimburse Ms. Bezdek, and all other similarly situated consumers, for the amount that they paid for these products that were sold using unfair and/or deceptive acts or practices.

We have sent this letter directly to you in order to fully comply with the requirements of Mass. Gen. Laws c. 93A §9(3). We, of course, hope that you will act immediately to rectify this situation and stand ready to discuss a reasonable resolution of this matter on the terms outlined above or on similar terms acceptable to Ms. Bezdek, and similarly situated consumers. Thus, under the provisions of Section 9, Chapter 93A, we are providing you with the opportunity to make a written offer of settlement of this claim within 30 days. If you fail to make a good faith offer of settlement in response to this request, and Ms. Bezdek institutes legal action, a court may award her and the class double or triple damages, attorneys' fees and costs if the court finds in her favor.

If you have any questions, require any additional information or would like to discuss these matters, please do not hesitate to contact me.

Very truly yours,

*Janine L. Pollack*

Janine L. Pollack

cc: Glen DeValerio, Esq. (via email only)
    Timothy G. Blood, Esq. (via email only)

MILBERG LLP