UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALERIE BEZDEK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIBRAM USA INC. and VIBRAM FIVEFINGERS LLC,<br><br>Defendants. | Case No. 12-10513-DPW |

### [PROPOSED] JOINT INITIAL SCHEDULING STATEMENT

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1, the parties to the above-entitled action have met and conferred and respectfully submit this proposed Joint Initial Scheduling Statement for the Court's consideration.

### I.   MEETING OF PARTIES

On September 11, 2012, a meeting was held by telephone among the following persons to discuss this proposed Joint Initial Scheduling Statement:

Janine Pollack and Josh Keller (on behalf of Plaintiff) and Christopher Morrison and Dana Baiocco participated (on behalf of defendants).

### II.   JOINT INITIAL CASE MANAGEMENT SCHEDULE

Pursuant to Local Rules 16.1(d)(1) and (2), the parties were unable to agree on a joint discovery plan and thus submit the following proposed schedules for the filing of motions and discovery:

**Plaintiff's Proposal:**

| DEADLINE OR EVENT | PROPOSED DATE |
|---|---|
| Mandatory Initial Disclosures: | October 16, 2012. |
| Deadline to Add Parties or to Amend Pleadings: | 120 days following commencement of discovery. |
| Timeline for Fact Discovery: | The parties shall commence non-expert fact discovery on October 11, 2012. |
| Completion of Fact Discovery: | 300 days after discovery commencement. |
| Deadline for Plaintiff to move for Class Certification: | 200 days after discovery commencement.[1] |
| All trial experts are to be designated and disclosure of information contemplated by Fed. R. Civ. P. Rule 26 shall be provided by the Plaintiff no later than: | 30 days after the conclusion of fact discovery. |
| All trial experts are to be designated and disclosure of information contemplated by Fed. R. Civ. P. Rule 26 shall be provided by the Defendants no later than: | 30 days after service of Plaintiff's trial expert disclosures. |
| Plaintiff shall serve rebuttal expert report(s) to Defendants' expert report(s): | 20 days after service of Defendants' trial expert disclosures. |
| Trial expert depositions to be completed by: | 45 days after service of Plaintiff's rebuttal expert report(s) to Defendants' trial expert report(s). |
| Deadline for Parties to file Motions for Summary Judgment: | 60 days following the conclusion of all expert discovery. |
| Further Case Management Conferences: | To be set by the Court. |

---

[1] Plaintiff agrees to meet in good faith with Defendants to establish a schedule for procedures and remaining briefing relating to class certification, including, if necessary, expert discovery.

**Defendants' Proposal**

| DEADLINE OR EVENT | PROPOSED DATE |
|---|---|
| Mandatory Initial Disclosures: | October 16, 2012. |
| Deadline to Move to Add Parties or Move to Amend Pleadings: | October 16, 2012. |
| Deadline for Response to any amended pleadings or addition of parties | November 5, 2012 |
| Deadline for completion of discovery on class certification issues: | 150 days after the Court's disposition of the Defendants' Motion to Dismiss. |
| Deadline for Plaintiff's Expert Disclosures for class certification: | 45 days after the close of discovery on class certification. |
| Deadline for Defendant's Expert Disclosures for class certification | 45 days after service of Plaintiff's Expert Disclosures for class certification. |
| Deadline for all parties' Rebuttal Expert Disclosures | 30 days after service of Defendants' Expert Disclosures for class certification. |
| Deadline for Plaintiff to move for Class Certification: | 30 days after service of Rebuttal Expert Disclosures. |
| Deadline for Opposition to Motion for Class Certification: | 45 days after service of Motion for Class Certification. |
| Deadline to Request Leave to Reply/Sur-Reply | 14 days after pleading to which reply/sur-reply is sought |
| Hearing on Class Certification Motion | At the Court's convenience |
| Further Case Management Conferences to establish deadlines for fact discovery, expert discovery, summary judgment, and case disposition: | To be set by the Court within 30 days of disposition of Motion for Class Certification. |

**III.   PENDING MOTIONS**

Defendants' July 18, 2012 Motion to Dismiss is currently pending. Plaintiff filed her opposition to this motion on August 10, 2012. No other motions are currently pending.

**IV.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have not consented to having a magistrate judge conduct all further proceedings including trial and entry of a judgment.

**VI.   TRIAL**

Plaintiff has demanded a trial by jury. The parties expect that this case will require two to three weeks for trial. The Court shall set a date for a pretrial conference pursuant to Rule 16(e) of the Federal Rules of Civil Procedure. The parties shall meet and confer for the purposes of preparing a joint pretrial scheduling order for the Court prior to the date scheduled for the pretrial conference.

**VII.   DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(f)(3), the parties' views and proposals on a discovery plan are as follows:

A. **Areas Of Agreement:**

1. 26(f)(3)(A): The initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1)(A-D) shall be completed on or before October 16, 2012.

2. 26(f)(3)(C): any issues about disclosures or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced.

The parties are working on protocols for searching ESI and producing ESI.

3. 26(f)(3)(D): any issues about the claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order:

The parties agree to enter into a confidentiality agreement prior to the exchange of discovery and are currently negotiating the terms of such an agreement.  The parties also agree that trial-preparation materials shall not be susceptible to discovery in this matter.

4. 26(f)(3)(F): any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):

The parties agree to enter into a confidentiality agreement prior to the exchange of discovery and are currently negotiating the terms of such an agreement.

B. **The Parties' Positions On Areas of Dispute:**

1. Plaintiff's Proposal:

Subjects for Discovery

Plaintiff intends to seek discovery on the design, manufacture, marketing, advertising, and sale of Vibram FiveFingers footwear, complaints, investigations and inquiries regarding Vibram FiveFingers footwear, and the scientific substantiation, or lack thereof, regarding Vibram FiveFingers footwear, subject to expanding the scope of discovery if necessary.

Defendants have proposed bifurcated discovery.  However, class certification-based

evidence and merits-based evidence are so intertwined in this case[2] that bifurcating discovery, as proposed by Defendants, would be most inefficient.[3]  To the extent that bifurcating discovery is even possible, it would almost certainly require ongoing supervision of discovery by this Court to resolve numerous "disputes concerning whether discovery is certification-based or merits-based."  *See, e.g., Chao*, 2011 U.S. Dist. LEXIS 143356, at *2-3.  This would lead to a waste of valuable judicial resources.

Similarly, once fact discovery commences, some of the same witnesses deposed on class-only discovery would likely be deposed again to address issues on the merits, adding significant expense to the litigation and leading to significant duplication of efforts for all parties.  Indeed, if Defendants' proposal were adopted, there would be at least 375 days allotted for class certification issues before there could be any fact discovery.[4]

---

[2] For example, one of the central issues in the case is Defendants' scientific justification for their statements about Vibram FiveFingers footwear.  This issue relates directly to class issues and merits issues because it demonstrates that there are common issues among all class members and because it goes to the substance of Plaintiff's claims.

[3] *See, e.g.*, *In re JPMorgan Chase Mortg. Modification Litig.*, No.11-md-02290, 2011 U.S. Dist. LEXIS 136109, at *2 (D. Mass. Nov. 28, 2011) (declining to adopt bifurcated, or phased, discovery where issues of certification and merits were "too closely intertwined to be easily separated."); *see also Nelson v. United States Steel Corp.*, 709 F.2d 675, 679 (11th Cir. 1983) (noting that "evidence relevant to the commonality requirement [of Rule 23 of the Federal Rules of Civil Procedure] is often intertwined with the merits."); *Chao v. Aurora Loan Servs., LLC*, No. 10-03383, 2011 U.S. Dist. LEXIS 143356, at *2-3 (N.D. Cal. Dec. 12, 2011) (denying motion to set a phased discovery schedule in putative class action); *Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, No. 10-cv-2008, 2011 U.S. Dist. LEXIS 16684, *4-5 (M.D. Fla. Feb. 7, 2011) (denying request for phased discovery where "line between 'class issues' and 'merits issues' [was] practically difficult, if not impossible, to determine").

[4] Defendants make the following three statements at page 8 below: (1) "As is set forth in Defendants' Motion to Dismiss the Amended Complaint, class certification is a questionable prospect at best;" (2) "Plaintiff's proposal would unjustifiably increase the burdens of defense to Defendants, a small and relatively young company with limited resources;" and

26(f)(3)(E): what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:

Although Plaintiff is mindful of the limitations on discovery imposed by the Federal Rules of Civil Procedure, the complexity of this matter may require additional discovery beyond the discovery permitted by the Rules.  Plaintiff is willing to meet and confer in good faith with Defendants as to whether, and to what extent, she will seek leave of Court to conduct additional discovery beyond that permitted by the Rules.  To this end, Plaintiff believes the discovery event limitations of Local Rule 26.1(c) shall not apply to this case.

### Defendants' Proposal:

The discovery limitations set forth in the Local Rules for the District of Massachusetts are appropriate and sufficient at this time to permit full and fair disclosure of all relevant precertification facts.  Consistent with Fed. R. Civ. P. 23 (c) (requiring a determination on class certification at "an early practicable time"), Defendants propose that discovery in this matter be phased, and that to the extent that the Court denies Defendant's Motion to Dismiss in whole or in part, in the first instance discovery should be strictly limited to facts that bear on class certification.  Many of the issues identified by Plaintiff are not appropriate subjects for discovery during the class certification stage or otherwise, and Defendants therefore reserve their right to raise those issues with the Court in the context of a motion pursuant to Fed. R. Civ. P. 26(c) and any other applicable rule.

---

(3) "The mere filing of this action has already had a significant impact on their business operations."
Plaintiff disagrees with the inclusion of this language in this document.

As is set forth in Defendants' Motion to Dismiss the Amended Complaint, class certification is a questionable prospect at best.  Absent a certifiable class, Defendants should not be subjected to unfettered discovery based on Plaintiff's unsupported assertion that all factual issues in this case are " so intertwined."[5]  Plaintiff's proposal would unjustifiably increase the burdens of defense to Defendants, a small and relatively young company with limited resources.  The mere filing of this action has already had a significant impact on their business operations.  This is precisely the reason Rule 23 requires a decision on class certification at the earliest practicable time.

Defendants intend to conduct discovery of the named Plaintiff, her adequacy to represent her proposed classes, and the basis for her claims and other related matters.

Following the Court's disposition of Plaintiff's Motion for Class Certification, the court should convene a further hearing to set a schedule for the prompt resolution of this matter on the merits.

## VIII.   SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

### A.   Settlement

Plaintiff sent Defendants a settlement proposal on September 18, 2012.

### B.   Alternate Dispute Resolution

The parties agree to consider engaging in mediation, as appropriate.

---

[5] To illustrate this point, for example, while Plaintiff claims that certification-based evidence and merit-based evidence overlap on the issue of "scientific justification", *see supra* n. 2, no cause of action levied by Plaintiff requires any such justification as an element of a claim.

**IX. CERTIFICATIONS**

The parties' certifications of compliance with Local Rule 16.1(d)(3) will be filed separately.

Dated: September 21, 2012

Respectfully submitted,

BERMAN DEVALERIO
/s/ Nathaniel L. Orenstein
Glen DeValerio (BBO #122010)
Nathaniel L. Orenstein (BBO #664513)
One Liberty Square
Boston, MA 02109
Telephone: 617-542-8300
Facsimile: 617-542-1194
gdevalerio@bermandevalerio.com
norenstein@bermandevalerio.com

MILBERG LLP
Janine L. Pollack
Joshua E. Keller
One Pennsylvania Plaza, 49th Floor
New York, New York 10119
Telephone: 212-594-5300
Facsimile: 212-273-4388
jpollack@milberg.com
jkeller@milberg.com

BLOOD HURST & O'REARDON LLP
Timothy G. Blood
Thomas J. O'Reardon II
701 B Street, Suite 1700
San Diego, California 92101
Telephone: 619-338-1100
Facsimile: 619-338-1101
tblood@bholaw.com
toreardon@bholaw.com

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
James C. Shah
Jayne A. Goldstein

35 East State Street
Media, Pennsylvania 19063
Telephone: 610-891-9880
Facsimile: 610-891-9883
jshaw@sfmslaw.com
jgoldstein@sfmslaw.com

GARY ROBERTS & ASSOCIATES, P.A.
Michael K. Beck
324 Datura Street
Suite 223
West Palm Beach, Florida 33401
Telephone: 561-686-1800
Facsimile: 561-686-1533
Michael@palmbeachtrialattorney.net

THE BREEDEN LAW FIRM
Tony W. Breeden
578 Washington Blvd., Suite 552
Marina Del Ray, CA 90292
Telephone: 310-984-6861
Facsimile: 310-984-6849
tony@breedenlawfirm.com

*Counsel for Plaintiff Valerie Bezdek*

Respectfully submitted,

/s/ Christopher M. Morrison
Dana Baiocco (BBO #624886)
Christopher M. Morrison (BBO #651335)
JONES DAY
100 High Street, 22nd Floor
Boston, Massachusetts 02110
Telephone: (617) 960-3939
Facsimile: (617) 449-6999
dbaiocco@jonesday.com
cmorrison@jonesday.com

*Counsel for Defendants Vibram USA Inc. and Vibram FiveFingers LLC*.

IT IS SO ORDERED.

DATED: _____, 2012

                                            _____
DOUGLAS P. WOODLOCK
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, Nathaniel L. Orenstein, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 21, 2012.

/s/ *Nathaniel L. Orenstein*
Nathaniel L. Orenstein