## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALERIE BEZDEK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIBRAM USA INC. and VIBRAM FIVEFINGERS LLC,<br><br>Defendants. | Case No. 12-10513-DPW |
| BRIAN DE FALCO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIBRAM USA INC. and VIBRAM FIVEFINGERS LLC,<br><br>Defendants. | Case No. 13-10764-DPW |

## ORDER AUTHORIZING NOTICE

Before the Court is a joint petition by the named Plaintiffs and by the defendants Vibram USA Inc. and Vibram FiveFingers LLC ("Vibram"), and briefs in support thereof submitted by Class Representative and Vibram requesting that the Court enter an Order (i) certifying pursuant to Fed. R. Civ. P. 23, a class for the purposes of settlement only; (ii) preliminarily reviewing the proposed settlement set forth in the Settlement Agreement, and exhibits thereto, which was filed with the Court on April 30, 2014; (iii) appointing Valerie Bezdek as Class Representative of, and Wolf Hadenstein Adler Freeman and Herz LLP as Lead Class Counsel for, the Class; (iv) approving Class Notice and Summary Settlement Notice attached as Exhibits 2 and 6,

respectively to the Settlement Agreement; (v) appointing Heffler Claims Group LLC as Notice Administrator and Class Action Settlement Administrator; and (vi) approving the Claim Form attached as Exhibit 1 to the Settlement Agreement.

Having reviewed and considered the Settlement Agreement, the Motion for an Order Authorizing Notice and the accompanying supporting brief as to the proposed settlement of this matter, and having heard and considered the argument of counsel, the Court makes the following findings and grants the relief set forth below, authorizing notice of the class settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order. Terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. On the basis of the findings set forth below, the Court hereby certifies a plaintiff class pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance with the terms of the Settlement Agreement (the "Class"). The Class is defined as:

All persons that, during the Class Period, purchased in the United States certain FiveFingers footwear from Vibram and/or its authorized retailers including, without limitation, vibramfivefingers.com. Excluded from the Class are: (a) Vibram's Board members, executive-level officers, or employees, including its attorneys; (b) persons or entities who purchased the FiveFingers footwear primarily for the purpose of resale; (c) any claims for personal injury relating to the use of the FiveFingers footwear; (d) distributors or re-sellers of the FiveFingers footwear; (e) the judge and magistrate judge presiding over the Actions and their immediate families; (f) governmental entities; and (g) persons or entities who timely and properly exclude themselves from the Class as provided in the Settlement Agreement.

"Class Member(s)" means a member of the Class.

As provided for in Section X of the Settlement Agreement, if this Court does not grant final approval of the settlement set forth in the Settlement Agreement, or if the settlement is terminated or cancelled pursuant to the terms of the Settlement Agreement, then the Settlement Agreement, and the certification of the Class provided for herein, will be vacated and the Actions

shall proceed as though the Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

2. The Class is so numerous that joinder of all members is impracticable.

3. The Court finds, based on the terms of the settlement described in the Settlement Agreement, and for settlement purposes only, that:

   a. There are questions of law and fact common to the Class.

   b. The claims of the Class Representative are typical of the claims of the Class.

   c. The Class Representative and Lead Class Counsel will fairly and adequately represent the interests of the Class. There are no conflicts of interest between members of the Class.

   d. Questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the Class.

   e. Certification of the Class is superior to other methods for the fair and efficient adjudication of this controversy.

4. Neither subclassing nor the exclusion of residents of any particular jurisdiction from the settlement class is necessary or appropriate.

5. The Court authorizes notice that the settlement set forth in the Settlement Agreement appears fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act, subject to final consideration at the Final Fairness Hearing provided for below.

6. Valerie Bezdek is hereby appointed as Class Representative. Wolf Haldenstein Adler Freeman & Herz LLP is appointed as Lead Class Counsel.

7. A Fairness Hearing shall be held before this Court on ~~at~~ 2:30 ~~:00 a.m.~~/p.m. in *October 29, 2014* Courtroom 1 of the John Joseph Moakley United States Courthouse, One Courthouse Way, Boston, Massachusetts, to determine (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class; (b) whether a Judgment as provided in the Settlement Agreement should be entered granting final approval of the Settlement; (c) whether, and in what amount, attorneys' fees and expenses should be awarded to Plaintiffs' Counsel; and (d) whether, and in what amount, Service Awards should be made to Valerie Bezdek, Brian De Falco, and Ali Safavi, each of whom has served as named plaintiff in substantially identical putative class actions. The Court may adjourn and/or continue the Fairness Hearing without further notice to Class Members.

8. The Court approves as to form and content the Class Notice, Summary Settlement Notice, and Postcard Notice in substantially the forms attached as Exhibits 2, 6, and 8 respectively, to the Settlement Agreement.

9. The Court approves and appoints Heffler Claims Group LLC as Class Action Settlement Administrator and Notice Administrator, as set forth in the Settlement Agreement.

10. The Court approves as to form and content the Claim Form substantially in the form attached as Exhibit 1 to the Settlement Agreement.

11. Notice is authorized as follows:

   A. <u>Dissemination of the Mailed Class Notice</u>

      1. No later than three (3) business days after the entry of this Order Authorizing Notice, Vibram shall provide the Notice Administrator with the name, mailing address, and e-mail address of each reasonably identifiable Class

Member, subject to the existence and availability of such information and its current possession, if at all, by Vibram.

2. Beginning not later than ten (10) business days after entry of this Order Authorizing Notice and to be substantially completed not later than twenty (20) days after entry of this Order Authorizing Notice, and subject to the requirements of this Order Authorizing Notice and the Settlement Agreement, the Notice Administrator shall send the Class Notice and Claim Form by Electronic Mail ("E-Mail") to: (i) each reasonably identifiable Class Member's last known E-Mail address; and (ii) each appropriate State and Federal official, as specified in 28 U.S.C. § 1715, and shall otherwise comply with Fed. R. Civ. P. 23 and any other applicable statute, law, or rule, including but not limited to, the Due Process Clause of the United States Constitution.

3. No later than thirty-five (35) days after entry of this Order Authorizing Notice, the Notice Administrator shall send the Postcard Notice, substantially in the form of Exhibit 8 hereto, by First Class U.S. Mail, proper postage prepaid, to each Class Member whose E-mail address returned a message as undeliverable, subject to the existence of such information as provided by Vibram pursuant to Section IV.B.1.a of the Settlement Agreement, notifying the Class Member of the Settlement and directing them to the Settlement Website and/or the toll-free telephone number to obtain a Class Notice and Claim Form.

4. No later than fifty (50) days after entry of this Order Authorizing Notice, the Notice Administrator shall: (i) re-mail any Postcard Notice returned by the United States Postal Service with a forwarding address that are received by

the Notice Administrator; (ii) by itself or using one or more address research firms, as soon as practicable following receipt of any returned Postcard Notices that do not include a forwarding address, research any such returned mail for better addresses and promptly mail the Postcard Notice to the better addresses so found.

B.   The Summary Settlement Notice: The Notice Administrator shall have the publication of the Summary Settlement Notice substantially completed no later than seventy-five (75) days after entry of this Order Authorizing in such additional newspapers, magazines, and/or other media outlets as shall be agreed upon by the Parties. The form of Summary Settlement Notice agreed upon by the Parties is in the form substantially similar to the one attached to the Agreement as Exhibit 6.

C.   Settlement Website: Prior to the dissemination of the Class Notice, the Notice Administrator shall establish an Internet website, www.fivefingerssettlement.com, that will inform Class Members of the terms of this Agreement, their rights, dates and deadlines and related information (the "Settlement Website"), which shall be activated no later than ten (10) business days after the entry of this Order Authorizing Notice. This Settlement Website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, which shall include, at a minimum, orders Authorizing Notice and Final Approval, the Class Notice, the Claim Form, the Summary Settlement Notice and this Agreement. Notice to the Class shall be supplemented by banner ads on the Internet that shall direct Class Members to the Settlement Website through an embedded hyperlink posted on the following families of sites, or networks, for a period of time sufficient to deliver approximately 300,000,000 impressions: RunnersWorld.com;

The Time Access Network; Facebook; The Xaxis Network; Gannett.com (including on mobile web versions of those sites); and on the Mobile APP network. The form of the banner advertisements agreed upon by the Parties is in the form substantially similar to the one attached to the Agreement as Exhibit 10.

        D.    <u>Toll-Free Telephone Number:</u>  Prior to the dissemination of the Class Notice, the Notice Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Class Members.

12.    The Court finds that the publication of the Summary Settlement Notice and the availability of the Notice in the manner set forth herein is the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.

13.    No later than 10 calendar days before the Fairness Hearing, the Class Action Settlement Administrator shall file with the Court one or more declarations stating that, in accordance with the terms of this Order, the Summary Settlement Notice was published and that the Notice was posted at a dedicated settlement website.

14.    Vibram shall comply with its obligations to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement. No later than 10 calendar days before the Fairness Hearing, counsel for Vibram shall file with the Court one or more declarations stating that Vibram, or the Class Action Settlement Administrator acting at its direction, has complied with its notice obligations under 28 U.S.C. § 1715.

15.    Any Class Member who wishes to be excluded from the Class must mail a written request for exclusion to the Notice Administrator at the address provided in the Class Notice,

postmarked no later than ninety-five (95) days after entry of this Order Authorizing Notice, or as the Court otherwise may direct, and specifying that he or she wants to be excluded. The Notice Administrator shall forward copies of any written requests for exclusion to Lead Class Counsel and Vibram's Counsel. A list reflecting all requests for exclusion shall be filed with the Court by Vibram no later than ten (10) days before the Fairness Hearing.

16. All those falling within the definition of the Class who do not request to be excluded from the Class shall be bound by the terms of the Settlement Agreement, the Final Judgment entered thereon, and all Orders entered by this Court in connection with the settlement set forth in the Settlement Agreement. All those who submit valid and timely notices of their intent to be excluded from the Class shall not share in the distribution of the Settlement Fund and shall neither receive any benefits nor be bound by the terms of the Settlement Agreement.

18. Class Members who wish to participate in the settlement must submit a Claim in accordance with the instructions on the Claim Form. All Class Members who fail to submit a Claim Form shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth in the Settlement Agreement but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases contained therein, and the Final Judgment.

19. Any Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of Attorneys' Fees and Expenses, or the Service Awards described above, must deliver to the Lead Class Counsel identified in the Class Notice and to Vibram's Counsel, and file with the Court, no later than ninety-five (95) days after entry of this Order Authorizing Notice, or as the Court otherwise may direct, a written statement of the

objections containing the objector's dated signature, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention, any evidence or other information the Class Member wishes to introduce in support of the objections, a statement of whether the Class Member intends to appear and present their objections at the Fairness Hearing, and a list of the Class Member's purchase(s) of the FiveFingers footwear. Class Members may do so either on their own or through an attorney retained at their own expense. Any objections must include proof of purchase for the FiveFingers footwear. Acceptable proof of purchase includes a cash register receipt, a credit card receipt or a credit card statement or other verifiable information that sufficiently indicates the purchase of the FiveFingers footwear. The objection must also contain the objector's name, address, telephone number and, if represented by counsel, the same information for his/her counsel (in any event, the objector's actual residential address must be included).

20. No later than fourteen (14) days from the deadline for filing objections to this Settlement Agreement as set forth in Section VI, Plaintiffs shall file an application for an award of Attorneys' Fees and Expenses in the Actions and a motion for final approval of the Settlement Agreement. Such application and motion shall be supplemented, if necessary, no later than 14 days before the Fairness Hearing.

21. No later than ten (10) business days after the entry of this Order Authorizing Notice, Vibram's Counsel shall provide the Notice Administrator with a list of all counsel for anyone who has litigation pending against Vibram that involves FiveFingers footwear and Vibram shall deposit the sum of three million, seven hundred and fifty thousand dollars ($3,750,000.00) into Escrow to be held by the Escrow Agent.

22. All discovery and pretrial proceedings in this Litigation are stayed and suspended until further order of this Court.

23. Pending the final determination of the fairness, reasonableness, and adequacy of the settlement set forth in the Settlement Agreement, no Class Member, either directly, representatively, or in any other capacity, shall institute, commence, or prosecute against Vibram, its parents (including but not limited to Vibram SpA, and any intermediary and/or ultimate parents), officers, directors, employees, stockholders, agents, attorneys, administrators, successors, reorganized successors, spin-offs, assigns, holding companies, subsidiaries, affiliates, joint-ventures, partners, members, divisions predecessors, Vibram-owned U.S. Retailers, Vibram-owned Stores or www.vibramfivefingers.com (the "Released Parties") any claim encompassed by the Release and Waiver set forth in the Settlement Agreement in any action or proceeding in any court or tribunal.

24. The Settlement Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state. In no event shall the Settlement Agreement, any of its provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Actions, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce the Settlement Agreement or the rights of the Parties or their counsel. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever

on the part of any person or entity, including, but not limited to, the Released Parties, Plaintiffs, or the Class or as a waiver by the Released Parties, Plaintiffs or the Class of any applicable privileges, claims or defenses.

25. In the event the Court does not grant final approval of the Settlement Agreement or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, the Parties shall be restored to their respective positions in the Actions, except that all scheduled litigation deadlines shall be reasonably extended so as to avoid prejudice to any Party. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Actions or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

SO ORDERED.



_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE