1

DAVID C. AISENBERG
LOONEY COHEN & AISENBERG LLP

2

33 BROAD STREET, 6TH FLOOR

3

BOSTON, MA 02109
617-371-1050

4

DAISENBERG@LCA-LLP.COM

5

Attorney for Objector

6

Justin Ference

7

## UNITED STATES DISTRICT COURT

8

## FOR THE DISTRICT OF MASSACHUSETTS

9

10

11

VALERIE BEZDEK, individually and )

12

on Behalf of All Others Similarly )    Case No. 12-10513-DPW
Situated, )

13

)

14

Plaintiff, )

15

)
v. )

16

)

17

VIBRAM USA INC. and VIBRAM )
FIVEFINGERS LLC, )

18

)

19

)
BRIAN DE FALCO, Individually and )    Case No. 13-10764-DPW

20

on Behalf of All Others Similarly )
Situated, )

21

)

22

Plaintiff, )

23

)
v. )

24

)

25

VIBRAM USA INC. and VIBRAM )
FIVEFINGERS LLC, )

26

27

## OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT

28

1

1   Class member, JUSTIN FERENCE, states as follows:

2   a. My name is Justin Ference;

3   b. My address is 273 Lion Point, Boulder, CO 80302;

4   c. My telephone number is 973-509-4740;

5   d. My attorney is David Aisenberg, 33 Broad Street, 6th Floor, Boston, MA

6       02109, 617-371-1050;

7   e. Per my claim I purchased a pair of FiveFingers footwear within the stated

8       time;

9   f. I object to the proposed settlement as stated herein; and

10  g. The case name is *Valerie Bezdek v. Vibram USA Inc., et al.*, 1:12-cv-10513-

11      DPW (D.Mass.).

12                          **OBJECTIONS**

13

14                     **I. Insufficient Notice**

15

16  Class members cannot evaluate the settlement's fairness, reasonableness, or
    adequacy because the notice does not provide enough information for class
17  members to make an informed decision as to whether to remain in the class or
    request exclusion.
18

19  The notice fails to provide enough information about the claims being settled.
    Plaintiffs alleged that defendants' health benefit claims are false and deceptive
20  because FiveFingers are not proven to provide any of the health benefits beyond
    what conventional running shoes provide. Plaintiffs also alleged there are no well-
21  designed scientific studies that support defendants' health benefits claims. More
    significantly, plaintiffs alleged that running in FiveFingers may increase injury
22  risk. What information did the plaintiffs gather regarding the alleged claims, and
    what information did the defendants provide in response? Did the plaintiffs hire
23  experts? What did the experts say? Did defendants offer any experts or evidence to
    counter plaintiffs' claims? Considering that plaintiffs allege that FiveFingers may
24  cause injury, this is important information that the class needs.
25
26
27  The notice does not identify how many individuals are in the class. Class size is

28                                  2

important because (a) claims are subject to a pro rata reduction, and (b) the Court will need to be able to compare class size to the number of claims made, in order to evaluate fairness, reasonableness, and adequacy of the notice and settlement. Given that the class member list is in defendants' possession (identified through online and authorized retailer purchase records), it should be easy to calculate and provide the size of the class. As a result, class size should be included in the notice.

Did the parties submit an expert report supporting the notice program? Notice is being provided through direct mail, email, and online banner ads, but there is no indication as to how many class members will the reached. Also, no reason is given as to why notice is not being distributed by Vibram's authorized retailers, both in print and through their electronic contact with customers. Without knowing how many class members are in the class and/or how many pairs of FiveFingers were sold, it is not possible for either the parties or the class to evaluate whether notice will reach a majority of class members.

## II.  Inadequate Class Benefits

The settlement benefits are not adequate. The notice provides that class members can receive a maximum of $94 per pair of eligible shoes. The notice does not provide whether or not there is a minimum payout. The notice also states that claimants can expect an average of $20-$50 per pair. After attorneys fees and costs, class representative incentive awards, and notice costs (which are not provided but conservatively estimated at $100,000) $2,635,000 is available for class members. At $94 there would be 28,032 pairs of shoes claimed; at $50 there would be 52,700 pairs; and at $20 there would be 131,750 pairs. However, based on reports available online, Vibram has sold more than 2 million pairs of FiveFingers, which would mean that at $94, $50, and $20, only 1%, 2%, and 6% of eligible shoes are expected to be claimed. It is hard to see how the settlement benefits are adequate if 6% (or less) of class members make claims.

## III.  Ineffective Injunctive Relief

The nonmonetary/injunctive relief has no value to the class or the public. While the notice does not adequately describe or explain the injunctive relief, the settlement agreement states that defendants will not make or assist others in making any claims that FiveFingers strengthen muscles, prevent injury, or have any health benefits, unless the representations are true, non-misleading and supported by competent and reliable evidence. It also provides that defendants will not

3

1
2
3
4
5

misrepresent tests, studies, or research. The injunctive relief is worthless because defendants should always make true representations and never misrepresent tests, studies, or research. Worse, the injunctive relief does not cover third party sales of FiveFingers, so while Vibram ceases its false and misleading advertising, third parties are permitted to use past promotional materials that are untrue. Future consumers may rely on the false and misleading claims, which may lead to future monetary and physical harms.

6

## IV.  Unreasonable Attorneys' Fees

7
8
9
10
11
12

The attorneys' fees and costs represent an unreasonable percentage of the settlement fund. Class counsel requests 27% of the settlement fund; however, there is no explanation, much less a credible explanation why the lawyers should recover such a high percentage. There is no indication how much will be paid out under the settlement and no way to determine how the requested fees compare to that number. Even worse, the motion for fees and costs is not available on the settlement website, removing any opportunity for the class to evaluate the fairness and reasonableness of the requested fees and costs.

13
14

## V.  Excessive Incentive Awards

15
16
17
18

No explanation justifying the incentive awards has been provided to the class. How much time and effort did the class representatives put into the case and what risks did they face? Did the named plaintiffs participate in discovery, did they undergo running tests, were they examined by doctors, did they participate in discovery? At $2,500 each, the class representatives are receiving anywhere from 50 to 125 times more than the average class member.

19
20

## VI.  Inappropriate Cy Pres

21
22
23
24

The proposed cy pres distribution is inappropriate. The remaining settlement funds should not go to a third party where it is logistically feasible and economically viable to make pro rata distributions to class members. Here, it is both feasible and viable to do so here because settlement benefits are being distributed through direct deposit.

25
26
27

If the claims submitted by the deadline do not exhaust the settlement fund, the Court should use the funds to do one of the following: (a) increase the payments to those who filed claims or (b) provide additional notice to the class and extend the claims period. After all, if there is money left, it is because some class members

28

4

1

did not get their benefit.

2

3

4

5

6

The court should ensure that the settlement funds directly benefit the class, and not give the money to a nonprofit whose work is not related to the claims in this case. The cy pres award is especially inappropriate because there is no connection, direct or indirect, between the American Heart Association and the absent class members; moreover, the use does not further the underlying basis for the class action. The distribution will not be used to help runners injured by FiveFinger shoes or address false and misleading advertising.

7

8

9

10

If the Court permits a cy pres distribution, which it should not, the class counsel or the Court, not defendants, should select the recipient. Also, if the Court permits a cy pres distribution, class counsel's fees should be reduced proportionately. Class counsel prosecuted the case for the benefit of the class, not charitable organizations.

11

## VII.  Overbroad Release

12

13

14

15

The release is overbroad and includes unnamed third parties. The release should be limited to the claims alleged in the complaint and certified by the Court. Also, considering that the injunctive relief does not cover third parties and allows them to use past misleading and false promotional materials, the court should limit the release to defendants alone, and exclude third parties.

16

17

18

Also, the release provided in the class notice is oppressively long and is not easily readable for the average individual. The release spans more than two pages and does not have any headers or logical breaks to assist readers.

19

20

21

22

23

24

25

26

27

28

5

1

## CONCLUSION

2

As stated we object the proposed class action settlement.

3

4

Dated:  August 15, 2014

5

6

7

8

9

10

/s/David C. Aisenberg

DAVID AISENBERG
LOONEY COHEN & AISENBERG
LLP
33 BROAD STREET, 6
BOSTON, MA 02109
617-371-1050
DAISENBERG@LCA-LLP.COM
Attorney for Justin Ference

11

12

**OBJECTOR**

13

14

15

16

JUSTIN FERENCE

17

18

19

20

21

22

23

24

25

26

27

28

6

1

2                          **CERTIFICATE OF SERVICE**

3

4          I, David C. Aisenberg of Looney Cohen & Aisenberg LLP, do hereby certify that on August

5   15, 2014, I caused a copy of Objections to Proposed Class Action Settlement to be served upon each

6   party through the Court's electronic notice filing system.

7                    /s/David C. Aisenberg

8                    David C. Aisenberg
9                    Looney Cohen & Aisenberg LLP
                     33 Broad Street, 6
10                   Boston, MA 02109
                     617-371-1050
11                   daisenberg@lca-llp.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          7