# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALERIE BEZDEK, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>v.<br><br>VIBRAM USA INC. and VIBRAM FIVEFINGERS LLC,<br><br>          Defendants. | Case No. 12-10513-DPW |
| BRIAN DE FALCO, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>v.<br><br>VIBRAM USA INC. and VIBRAM FIVEFINGERS LLC,<br><br>          Defendants. | Case No. 13-10764-DPW |

**PLAINTIFF'S MOTION FOR LEAVE
TO CONDUCT LIMITED DISCOVERY OF OBJECTORS TO THE SETTLEMENT**

Plaintiff Valerie Bezdek ("Plaintiff") hereby moves this Court for an order lifting the stay of discovery (to the extent it applies to settlement objector discovery) for the limited purpose of permitting her to take certain discovery of the three objectors to the settlement in this matter.[1]

On April 30, 2014, the parties submitted to the Court their Settlement Agreement. The Order Authorizing Notice (Docket No. 76), at paragraph 22, states "[a]ll discovery and pretrial proceedings in this Litigation are stayed and suspended until further order of this Court." While

---

[1] Defendants take no position on this motion and have stated that they do not intend to file an opposition.

Plaintiff does not believe that this provision prevents her from taking discovery of the three objectors to the settlement regarding their objections, but rather only pertains to litigation activities between the parties, in an abundance of caution Plaintiff is requesting an order lifting the stay of discovery for the limited purpose of permitting her to take discovery of the objectors.[2]

Discovery of objectors is routinely granted "because when assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members first." *In re Law Office of Jonathan E. Fortman, LLC*, No. 4:13MC00042, 2013 U.S. Dist. LEXIS 13903, at *3 (E.D. Mo. Feb. 1, 2013); *see also* Manual for Complex Litigation (Fourth) §21.643 (the court should "distinguish between meritorious objections and those advanced for improper purposes"); *In re Hydroxycut Mktg. & Sales Practices Litig.*, Nos. 09md2087 BTM (KSC), 09cv1088 BTM(KSC), 2013 U.S. Dist. LEXIS 61674, at *68 (S.D. Cal. Apr. 29, 2013) (denying motion to quash deposition subpoenas and permitting discovery, including testimony and document requests regarding standing, motive and intent of class action objectors); *In re Netflix Privacy Litig.*, No. 5:11-CV-00379-EJD, 2013 U.S. Dist. LEXIS 168298, at *14-15 (N.D. Cal. Nov. 25, 2013) (discovery of objectors was proper since they "have voluntarily inserted themselves into [the] action" and allowing discovery regarding "each objector's standing as a settlement class member to assert objections…the merits and motivations behind the Objectors' appeals as well as their relationships with Counsel"). This is particularly true where, as here, the submissions raise concerns about the bona fides of the objections. For example, Mr. Narkin, whose claim likely belongs to the bankrupt estate and may therefore not be valid, bases much of his objection to the settlement on his own objection in

---

[2] Plaintiff has begun the process of issuing and serving subpoenas on the objectors. However, Plaintiff has not yet conducted any depositions.

another matter that has already been rejected by the District Court in that case (which he fails to mention). Discovery is warranted to confirm he and the other objectors are class members who bought the shoes at issue and to explore their motives for filing their objections given that the objectors and/or the lawyers representing them appear to be serial objectors in multiple cases.

It is important that in order to maintain the integrity of the objection process, improper objections by non-class members be ferreted out. Thus, Plaintiff respectfully submits that a lifting of the discovery stay (to the extent it applies to objector discovery) for the limited purpose of taking discovery of the three objectors be granted so that Plaintiff will be able to submit a response to these objections on October 15, 2014.

Dated: September 18, 2014    **BERMAN DEVALERIO**

/s/ Glen DeValerio
GLEN DEVALERIO (BBO #122010)
NATHANIEL L. ORENSTEIN (BBO #664513)
One Liberty Square
Boston, MA 02109
Telephone: 617-542-8300
Facsimile: 617-542-1194
gdevalerio@bermandevalerio.com
norenstein@bermandevalerio.com

*Local Counsel for Plaintiffs*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
JANINE L. POLLACK
270 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-545-4600
Facsimile: 212-686-0114
pollack@whafh.com

*Lead Class Counsel*

**BLOOD HURST & O'REARDON, LLP**
TIMOTHY G. BLOOD
THOMAS J. O'REARDON II
701 B Street, Suite 1700
San Diego, CA 92101

Telephone: 619-338-1100
Facsimile: 619-338-1101
tblood@bholaw.com
toreardon@bholaw.com

**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
JAMES C. SHAH
35 East State Street
Media, Pennsylvania 19063
Telephone: 610-891-9880
Facsimile: 610-891-9883
jshaw@sfmslaw.com

**GARY ROBERTS & ASSOCIATES, P.A.**
MICHAEL K. BECK
324 Datura Street
Suite 223
West Palm Beach, FL 33401
Telephone: 561-686-1800
Facsimile: 561-686-1533
Michael@palmbeachtrialattorney.net

**POMERANTZ LLP**
JAYNE A. GOLDSTEIN
1792 Bell Tower Lane, Suite 203
Weston, FL 33326
Telephone: 954-313-3454
Facsimile: 954-313-3455
jagoldstein@pomlaw.com

**MILBERG LLP**
JOSHUA E. KELLER
One Pennsylvania Plaza
49th Floor
New York, NY 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229
jkeller@milberg.com

**THE BREEDEN LAW FIRM**
TONY W. BREEDEN
578 Washington Boulevard, Suite 552
Marina Del Rey, CA 90292
Telephone: 310-984-6861
Facsimile: 310-984-6849
tony@breedenlawfirm.com

**LOCAL RULE 7.1 CERTIFICATION**

I certify that on September 18, 2014 counsel for Plaintiff Bezdek conferred with counsel for Defendants, who take no position on the relief sought in this motion and do not intend to file an opposition.

/s/ *Glen DeValerio*
Glen DeValerio

**CERTIFICATE OF SERVICE**

I, Glen DeValerio, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 18, 2014.

/s/ *Glen DeValerio*
Glen DeValerio

762373