UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALERIE BEZDEK, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 12-10513-DPW |
| VIBRAM USA INC. and VIBRAM FIVEFINGERS LLC, | ) ) ) ) |
| Defendants. | ) |

**NOW COMES** Madeline Monti Cain, by and through the undersigned counsel and by leave of Court, and respectfully submits her Supplemental Brief in Opposition to the Proposed Settlement.

Madeline Cain ("Miss Cain"), a member of the proposed settlement class, has previously objected to the fairness and adequacy of the proposed settlement. [Doc. 84]. She respectfully reiterates and adopts those objections here without restating them. This Supplemental Brief focuses on the Plaintiffs' post-hearing submissions made in response to the Court's observations and requests at the October 29, 2014 Fairness Hearing.

***The benefit of Miss Cain's objection.*** First and foremost, the submissions and arguments of objectors are often important to the Court's consideration of class action settlements. For example, in Judge Posner's recent opinion in *Redman v. Radioshack Corp.*, 2014 U.S. App. LEXIS 18181, at **13-14 (7th Cir. Sept. 19, 2014), he remarked:

> The judge asked to approve the settlement of a class action is not to assume the passive role that is appropriate when there is genuine adverseness between the parties rather than the conflict of interest recognized and discussed in many previous class action cases, and present in this case. *See, e.g., Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014); *Staton v. Boeing Co.*, 327 F.3d 938, 959-61 (9th Cir. 2003); *In re GMC Pick—Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 801, 819-20 (3d Cir. 1995). Critically the judge must assess the value of the settlement to the class and the reasonableness of the agreed-upon attorneys' fees for class counsel, bearing in mind that the higher the fees the less compensation will be received by the class members. When there are objecting class members, the judge's task is eased because he or she has the benefit of an adversary process: objectors versus settlors (that is, versus class counsel and the defendant).

*Id.* at *13-14.

***The substantial disparity between the Notice's estimate and the actual per pair benefit makes the proposed settlement unfair.*** Here, Miss Cain's prime concern with the proposed settlement was the inability of class members to calculate what his or her own claim(s) may be worth. To illustrate, the Notice of Class Action, Part III, Section 9, at p. 5, provided that:

> it is reasonable to expect that Class Members may receive a payment **in the range of $20.00 to $50.00** per pair, which could increase (**up to the approximate average retail price of $94**).

(emphasis added). Indeed, at that Fairness Hearing, the Court echoed Miss Cain's concern about the relative amount that each claimant may receive, observing that its was "material to me to have some idea of what kind of dollar

figures we are talking about here." [Transcript, at p. 4].

In response, Plaintiffs' counsel stated that Plaintiffs were "approximating around $9 per pair. It could be $8.50, it could be $8.75, it could be $8.95. It's around that neighborhood." [Transcript, at p. 4]. In other words, class members would not be receiving $94 per pair, or even $50 per pair, as estimated by the class notice; nor would class members receive $20 per pair – the low-end of the range provided in the Notice. Rather, at the Fairness Hearing, Plaintiffs' counsel represented that class members would likely receive a high-end amount of $8.95 and a low-end of $8.50, either of which is less than half of the amount stated as the low-end of the range in the class notice, and less than 10% of the amount listed by Plaintiffs' counsel as the high-end of the range per pair ($94.00).

As instructed by the Court, Plaintiffs have reassessed their previous calculations and have now informed the Court that class members cannot expect to receive even the low-end of the per-pair estimate Plaintiffs' counsel provided to the Court at the Fairness Hearing, but an amount ***even less*** than that: ***$8.44***. [Docs. 103, at Page 10; 104, at Page 4].

Of course, there are reasons for the substantial reduction from a high-end estimate of $94.00 to an amount less than 10% of that amount, and Plaintiffs' counsel are careful to explain them, stating that this was "an excellent settlement for the class." [Doc. 103, at Page 10]. It may indeed have been a fair settlement for the class if class members received any sum approximating what was

represented to them by Plaintiffs' counsel in the notice, but this is simply not the case.[1] The Court put it as well as it could be said:

> "the settlement is rich for the attorneys. $9 a pair ain't so rich."

[Transcript, at Page 7].

***Notice and administrative costs excessively dilute the settlement fund.*** The Court also inquired about notice and administrative costs. [Transcript, at Page 7]. In her objection, Miss Cain expressed much concern about the unknown cost of administrative and notice expenses, noting that this mystery amount was likely substantial and would necessarily result in a significant reduction in the net settlement available to pay the claims of class members. Of course, that net amount is already being reduced by $937,500 for attorneys' fees, $61,674.44 for attorney expenses, and $6,500 for incentive awards [Doc. 104, at Page 4]. Now, Plaintiffs' counsel advise the Court that almost half a million dollars, $483,955.11 to be exact, will be deducted from the settlement fund for *estimated* notice and administrative costs. [Doc. 104, at Page 3]. Of course, if Plaintiffs' counsel's previous effort at estimation is indicative of what the Court should expect, this already excessive amount will also increase.

---

[1] At the Fairness Hearing, the Court inquired about any material difference between the estimated size of the class and the number of people making claims [Transcript, at Page 5], but it appears Plaintiffs have not responded to that particular inquiry, and the Court, as well as Miss Cain, is left without the benefit of that important piece of information.

Taking Plaintiffs' counsel at their word, out of the $3,750,000 settlement fund, no less than $1,487,274.57 will be deducted for fees, expenses, and costs, leaving $2,262,725.43 (at most) to pay class members' claims, resulting in the pathetically reduced sum of $8.44 per pair.

***Plaintiffs' counsel did not litigate Plaintiffs' claims sufficiently to appraise the claims and are not entitled to a fee of 25%.*** Another objection by Miss Cain addressed the fact that the case appeared to be settled in its infancy, and that a 25% attorneys' fee, combined with what Miss Cain would characterize as a poor result for class members, simply appeared excessive. Responding to the Court's query and plea for more details regarding discovery and negotiations [Transcript, at Page 7], Plaintiffs' counsel have clarified the issue – and confirmed Miss Cain's suspicions – and stated that they began negotiating a possible settlement with the Defendant "[f]ollowing the Court's Initial Scheduling Conference" [Doc. 104, at Page 2], less than six (6) months after serving the complaint. [Docs. 3, 4]. And while the parties submit that Vibram produced over 1.7 million documents and even attempt to describe those documents by categories [Docs. 101, at Pages 3-5; 103, at Page 3-4], notwithstanding Plaintiffs' counsel's statement that Rule 30(b)(6) notices were served and depositions of the Plaintiffs were noticed [Doc. 103, at Page 5-6], not a single witness was ever

deposed regarding them. In the end, it appears that the case was ultimately settled without any party's having taken a single deposition.

Considering the brevity of the litigation and the minimal work completed, 25% of the settlement fund is simply exorbitant, especially considering the result achieved for class members.

***The Proposed Settlement, along with Plaintiffs' counsel's motion for discovery, places an unnecessary and punitive burden on objectors.*** The Court also inquired about (1) the burden placed upon objectors to provide a proof of purchase, even though class members do not have to provide proofs of purchase in most circumstances, and (2) the motion to seek discovery from Miss Cain as an objector. [Transcript, at Pages 9-12]. Miss Cain respectfully submits, as she made clear in her objection, that making an objector satisfy some arbitrary and unnecessary burden not imposed on other members of the class is nothing more than punitive measure intended to intimidate class members from objecting. Moreover, there is distinct irony in Plaintiffs' counsel efforts to take Miss Cain's deposition despite the fact that Plaintiffs' counsel altogether failed to take a single deposition of a party or a witness during the course of these proceedings. As the Court observed, this tactic appears to be nothing more than retaliation for Miss Cain objecting, or a "shot across the bow" at Miss Cain. [Transcript, at Page 11]. And the Court's characterization of Plaintiffs' counsel's motion for discovery as a "tax for objecting" rings especially true in this instance.

[Transcript, at Page 13].[2]

***The Court should not be misled by attacks on counsel.*** Finally, Miss Cain submits, with all due respect, that the Court should rightly focus on the merits of the objections, and not the personal attacks on her counsel, based on out-of-context observations of her counsel's previous involvement in a particular case. While Miss Cain's counsel could spend pages and time explaining the circumstances of previous objections in which he has represented class members, he will not waste the Court's valuable time. After all, it would appear, by the Court's own comments at the Fairness Hearing, that the Court is indeed not induced to consider such arguments about an objector's "motivation," but to instead consider the merits of the important issues presented. [Transcript, at Pages 11, 13].

***Conclusion.*** In conclusion, "[c]ases are better decided on reality than on fiction." *United States v. Priester*, 646 F.3d 950, 953 (6th Cir. 2011). Here, Miss Cain submits that the story she and other proposed class members were told in the notice they received does not resemble at all the story that has unfolded before the Court. From the enormous disparity in the estimated recovery by

---

[2] If the settlement "requires all claimants to sign the Claim Form under penalty of perjury and to acknowledge that all claims 'may be subject to audit, verification and Court review,'" what exactly is the rationale for imposing a more burdensome requirement on objecting class members? Some class members can show that they purchased the products – because they have them in their possession, but may not be able to locate receipts.

class members and the recovery now apparent, to the now apparent substantial costs to be deducted from the settlement fund for administration and notice, to the lack of effort by Plaintiffs' counsel to thoroughly evaluate Plaintiffs' claims through appropriate and reasonable discovery, to the retaliatory measures imposed on class members who chose to object, the actual story of this settlement is not that which was represented to the class.

Indeed, the magnitude of Miss Cain's objection is even greater now that the Plaintiffs' counsel have responded to the Court's inquiries. Certainly, Miss Cain's concerns have not been abated by Plaintiff's counsel's comments, either at the Fairness Hearing or in their post-hearing submissions.

Respectfully submitted, this 19th day of November, 2014.

/s/Christopher T. Cain
Christopher T. Cain, BPR #19997
**SCOTT & CAIN**
550 Main Street, Suite 601
Bank of America Center
Knoxville, TN 37902
Tel: (865) 525-2150

*Counsel for Objector, Madeline Cain*

**CERTIFICATE OF SERVICE**

I do hereby certify on this date, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This 19th day of November, 2014.

/s/ Christopher T. Cain
Christopher T. Cain