UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VALERIE BEZDEK, individually )
and on behalf of all others )
similarly situated, )
                            )
            Plaintiff,      )    CIVIL ACTION NO.
                            )    12-10513-DPW
                            )
        v.                  )
                            )
VIBRAM USA INC. and VIBRAM  )
FIVEFINGERS LLC,            )
                            )
            Defendants.     )
                            )
_____ )
BRIAN DEFALCO, individually )
and on behalf of all others )
similarly situated,         )
                            )
            Plaintiff,      )    CIVIL ACTION NO.
                            )    13-10764-DPW
        v.                  )
                            )
VIBRAM USA INC. and VIBRAM  )
FIVEFINGERS LLC,            )
                            )
            Defendants.     )


FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
January 21, 2015

     A motion for Final Approval of a Class Action Settlement in

the above-captioned actions, having been brought before the

Court jointly by the Parties pursuant to their Second Amended

Settlement Agreement, with its attached exhibits (collectively,

the "Settlement Agreement"), signed and filed with this Court on

May 12, 2014 (Docket No. 77), to settle *Valerie Bezdek.* v.

*Vibram USA Inc., et al.*, 1:12-cv-10513-DPW (D. Mass.) and *Brian De Falco* v. *Vibram USA Inc., et al.*, 1:13-10764-DPW (D. Mass.) (collectively, the "Actions"), with the express understanding that coincident with this Order, the Parties and their counsel shall stipulate forthwith to the dismissal with prejudice of *Ali Safavi* v. *Vibram USA Inc.*, *et al.*, 2:12-05900-BRO-JCG (C.D. Cal.); and

The Court having entered an Order dated May 12, 2014 (the "Order Authorizing Notice"), preliminarily certifying the putative class in these Actions for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3), ordering individual and publication Notice to potential Class Members, scheduling a Fairness Hearing for October 29, 2014, providing potential Class Members with an opportunity either to exclude themselves from the settlement class or to object to the proposed settlement and issuing related Orders; and

The Court having held a Fairness Hearing on October 29, 2014, to determine whether to grant final approval of the proposed settlement and issue related relief; and

The Court having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Order Authorizing Notice, and having heard oral presentations by the Parties and all persons who complied with the Order Authorizing Notice, and based on all of the

2

foregoing, together with this Court's familiarity with the Actions, in accordance with the Memorandum and Order issued in these matters on January 16, 2015, it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

1. **Incorporation of Other Documents.**  This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the Second Amended Settlement Agreement, including all exhibits thereto, and definitions included therein, which was signed and filed with this Court on May 12, 2014; (b) the briefs, affidavits, declarations, and other materials filed in support of the settlement and Lead Class Counsel's request for an award of attorneys' fees and reimbursement of expenses on behalf of Plaintiffs' Counsel; (c) the record at the Fairness Hearing; (d) the documents listed on the docket or otherwise submitted to the Court; and (e) all prior proceedings in the Actions.

2. **Jurisdiction.**  Because due, adequate, and the best practicable Notice has been disseminated and all potential Class Members have been given the opportunity to exclude themselves from, or object to, this Class Action Settlement, the Court has personal jurisdiction over all Class Members (as defined below). The Court has subject-matter jurisdiction over the claims asserted in the complaint and/or the Actions pursuant to 28 U.S.C. §§ 1332 and 1367, including, without limitation,

jurisdiction to approve the proposed settlement and the Settlement Agreement and all exhibits attached thereto, grant final certification to the Class for settlement purposes only, dismiss the Actions on the merits and with prejudice, and issue related orders.  The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

3. **Final Class Certification.**  The Class preliminarily certified by this Court is hereby finally certified for settlement purposes only under Fed. R. Civ. P. 23(a), (b)(3), and (c)(2), the Court finding that the Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process.  The Class shall consist of all persons who, during the Class Period, purchased in the United States certain models of FiveFingers footwear set forth below from Vibram USA, Inc. and/or Vibram Five Fingers, LLC ("Vibram") and/or its authorized retailers including, without limitation, www.vibramfivefingers.com, and/or other third party retailers, from March 21, 2008, up to and including May 27, 2014 (the "Class Period").  "FiveFingers footwear" as used herein and in connection with the Settlement Agreement means the following models of Vibram shoes purchased as new by Class Members during the Class Period:

    Alitza, Bikila, Bikila EVO, Bikila EVO WP, Bikila LS,
    Classic, Classic Smartwool, EL-X, Estrada, Flow,
    Fresca, Jaya, Komodo Sport, Komodo Sport LS, KMD

> Sport, KMD Sport LS, KSO, KSO EVO, KSO Trek, Lontra,
> SeeYa, SeeYa LS, SeeYa LS Night, Signa, Speed, Speed
> XC, Sprint, Spyridon, Spyridon LS, Spyridon MR, Trek
> LS, TrekSport, TrekSport Sandal, V-On, and Vybrid
> Sneak.

Excluded from the Class are: (a) Vibram's Board members or executive-level officers, and employees, including its attorneys; (b) persons or entities who purchased the FiveFingers footwear primarily for the purpose of resale; (c) any claims for personal injury relating to the FiveFingers footwear; (d) distributors or re-sellers of the FiveFingers footwear; (e) the judge and magistrate judge presiding over the Actions and their immediate families; (f) governmental entities; and (g) persons or entities who or which timely and properly exclude themselves from the Class as provided in the Settlement Agreement.

   **4.   Requests for Exclusion.**   The Court finds that only those listed in Exhibit A hereto have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Order and accompanying Final Judgment.  Lead Class Counsel and Vibram's Counsel may mutually agree to allow additional Class Members to exclude themselves or to withdraw their exclusion requests by filing an appropriate notice with the Court.

   **5.   Adequacy of Representation.**   Valerie Bezdek has adequately represented the Settlement Class for purposes of entering into and implementing the settlement.  Janine Pollack

and Wolf Haldenstein Adler Freeman & Herz LLP are experienced and adequate Lead Class Counsel.  The Class Representative and Lead Class Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g).

     **6.**   **Class Notice.**  The Court finds that the dissemination of the Class Notice, the publication of the Summary Settlement Notice, the establishment of a website containing settlement-related materials, the establishment of a toll-free telephone number, and all other Notice methods set forth in the Settlement Agreement, and the Notice dissemination methodology implemented pursuant to the Settlement Agreement and this Court's Order Authorizing Notice, a copy of which is incorporated herein and made a part hereof:

       (a)    constituted the best practicable notice to Class Members under the circumstances of the Actions;

       (b)    constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of:  (i) the pendency of the Actions; (ii) the terms of the proposed settlement; (iii) their rights under the proposed settlement; (iv) their right to exclude themselves from the Class and the proposed settlement; (v) their right to object to any aspect of the proposed settlement (including, but

not limited to, final certification of the
settlement class, the fairness, reasonableness,
or adequacy of the proposed settlement, the
adequacy of the Class's representation by the
Class Representative or Lead Class Counsel,
and/or the award of attorneys' fees); (vi) their
right to appear at the Fairness Hearing – either
on their own or through counsel hired at their
own expense – if they did not exclude themselves
from the Class; and (vii) the binding effect of
the Orders and Judgment in the Actions, whether
favorable or unfavorable, on all persons who did
not request exclusion from the Class;

(c)    constituted notice that was reasonable, due,
adequate, and sufficient notice to all persons
and entities entitled to be provided with notice;
and

(d)    constituted notice that met all applicable
requirements of the Federal Rules of Civil
Procedure, 28 U.S.C. § 1715, the Due Process
Clause(s) of the United States Constitution, and
any other applicable law, as well as complied
with the Federal Judicial Center's illustrative
class action notices.

**7. <u>Final Settlement Approval</u>.** The terms and provisions of the proposed settlement and Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act (P.L. 109-2), the United States Constitution (including the Due Process Clause), and any other applicable law. The settlement is approved and all objections to the settlement are overruled as without merit. The Parties and Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions. Vibram shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement and pursuant to the Orders of the Court.

**8. <u>Early Implementation</u>.** Vibram and Lead Class Counsel are hereby authorized, and without requiring further approval of this Court, to implement the settlement before the Final Settlement Date (as defined in the Settlement Agreement), in which case all provisions in the Settlement Agreement specifying actions to be taken on or after the Final Settlement Date shall, to the extent necessary, be deemed to provide that those actions

shall be taken on or after the date Vibram elects to implement the settlement.

**9.** __Binding Effect.__  The terms of the Settlement Agreement and of this Final Order and the accompanying Final Judgment shall be forever binding on Plaintiffs, Vibram, and all Class Members, as well as their heirs, executors, administrators, predecessors, successors, and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Actions or are otherwise encompassed by the Release and Waiver of Claims.

**10.** __Release and Waiver of Claims.__  The following Release and Waiver of Claims, which is also set forth in Section VII(B) of the Settlement Agreement, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Order and the accompanying Final Judgment, and forever discharges Vibram, its parents (including but not limited to Vibram SpA, and any intermediary and/or ultimate parents), officers, directors, employees, stockholders, agents, attorneys, administrators, successors, reorganized successors, spin-offs, assigns, holding companies, subsidiaries, affiliates, joint-ventures, partners,

members, divisions predecessors, Vibram-owned U.S. Retailers, Vibram-owned Stores and www.vibramfivefingers.com (collectively, "the Released Parties") from any claims or liabilities arising from or related to the Release and Waiver of Claims:

(a) In consideration for the Settlement benefits described in the Settlement Agreement, Plaintiffs and the other members of the Class, on behalf of themselves, their heirs, guardians, assigns, executors, administrators, predecessors, and/or successors, will fully, finally and forever release, relinquish, acquit, and discharge the Released Parties from – and shall not now or hereafter institute, maintain, or assert on their own behalf, on behalf of the Class or on behalf of any other person or entity – any and all manner of claims, actions, causes of action, suits, rights, debts, sums of money, payments, obligations, reckonings, contracts, agreements, executions, promises, damages, liens, judgments and demands of whatever kind, type or nature and whatsoever, both at law and in equity, whether past, present or future, mature or not yet mature, known or unknown, suspected or unsuspected, contingent or noncontingent, whether

based on federal, state or local law, statute,
ordinance, regulation, code, contract, common
law, or any other source, or any claim that
Plaintiffs or Class Members ever had, now have,
may have, or hereafter can, shall or may ever
have against the Released Parties in any other
court, tribunal, arbitration panel, commission,
agency, or before any governmental and/or
administrative body, or any other adjudicatory
body, on the basis of, connected with, arising
from, or in any way whatsoever relating to the
purchase of FiveFingers footwear during the Class
Period and the claims alleged in the complaints
(amended and otherwise) in the Actions, and, more
particularly, but without in any way limiting the
generality of the foregoing, arising from,
directly or indirectly, or in any way whatsoever
pertaining or relating to the claims alleged in
the complaints (amended and otherwise) in the
Actions, including, but not limited to,
communications, disclosures, nondisclosures,
representations, statements, claims, omissions,
messaging, design, testing, marketing,
advertising, promotion, packaging, displays,

brochures, studies, manufacture, distribution, operation, performance, functionality, notification, providing, offering, dissemination, replacement, sale and/or resale by the Released Parties of the FiveFingers footwear; any claims for rescission, restitution or unjust enrichment for all damages of any kind relating to the purchase of FiveFingers footwear during the Class Period and the claims alleged in the complaints (amended and otherwise) in the Actions; violations of any state's deceptive, unlawful and/or unfair business and/or trade practices, false, misleading or fraudulent advertising, consumer fraud and/or consumer protection statutes relating to the purchase of FiveFingers footwear during the Class Period and the claims alleged in the complaints (amended and otherwise) in the Actions; any violation of the Uniform Commercial Code, any breaches of express, implied and/or any other warranties, any similar federal, state or local statutes, codes, damages, costs, expenses, extra-contractual damages, compensatory damages, exemplary damages, special damages, penalties, punitive damages and/or damage

multipliers, disgorgement, declaratory relief, expenses, interest, and/or attorneys' fees and costs against the Released Parties pertaining to or relating to the claims alleged in the complaint in the Action relating to the purchase of FiveFingers footwear during the Class Period and the claims alleged in the complaints (amended and otherwise) in the Actions, notwithstanding that Plaintiffs and the Class acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Action and/or the Release and Waiver of Claims herein.

(b) Notwithstanding the language in this section and/or the Settlement Agreement, the Plaintiffs and the other members of the Class are not releasing any claims of or relating to personal injury.

(c) Plaintiffs represent and warrant that they are the sole and exclusive owners of all claims that they personally are releasing under the Settlement Agreement. Plaintiffs further acknowledge that they have not assigned, pledged,

or in any manner whatsoever, sold, transferred,
assigned or encumbered any right, title, interest
or claim arising out of or in any way whatsoever
pertaining to the Actions, including without
limitation, any claim for benefits, proceeds or
value under the Actions, and that Plaintiffs are
not aware of anyone other than themselves
claiming any interest, in whole or in part, in
the Actions or in any benefits, proceeds or
values under the Actions.  Class Members
submitting a Claim Form shall represent and
warrant therein that they are the sole and
exclusive owner of all claims that they
personally are releasing under the Settlement and
that they have not assigned, pledged, or in any
manner whatsoever, sold, transferred, assigned or
encumbered any right, title, interest or claim
arising out of or in any way whatsoever
pertaining to the Actions, including without
limitation, any claim for benefits, proceeds or
value under the Actions, and that such Class
Member(s) are not aware of anyone other than
themselves claiming any interest, in whole or in

part, in the Actions or in any benefits, proceeds or values under the Actions.

(d)     Without in any way limiting its scope, and, except to the extent otherwise specified in the Agreement, this Release and Waiver of Claims covers by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, costs or any other fees, costs, and/or disbursements incurred by Plaintiffs' Counsel, or by Plaintiffs or the Class Members.

(e)     Plaintiffs expressly understand and acknowledge, and all Class Members will be deemed by the Final Order and Final Judgment to acknowledge, that certain principles of law, including, but not limited to, Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might

argue that these principles of law are applicable – notwithstanding that the Parties have chosen Massachusetts law to govern the Settlement Agreement – Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished and released by Plaintiffs and all Class Members.

(f) Nothing in this Release and Waiver of Claims shall preclude any action by the Parties hereto to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein.

(g) Plaintiffs and Released Parties hereby agree and acknowledge that the provisions of this Release and Waiver of Claims together constitute an essential and material term of the Settlement Agreement and shall be included in any Final Order and Final Judgment entered by the Court.

11. **Permanent Injunction.** All Class Members and/or their representatives who have not been timely excluded from the Class are hereby permanently barred and enjoined from bringing,

filing, commencing, prosecuting, maintaining, intervening in, participating in, continuing or receiving any benefits from, as Class Members or otherwise, any lawsuit (including putative class actions), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that is covered by the Release and Waiver of Claims. All Class Members are permanently barred and enjoined from organizing or soliciting the participation of any Class Members, who did not timely exclude themselves from the Class into a separate class or group for purposes of pursuing a putative class action, any claim or lawsuit in any jurisdiction that is covered by the Release and Waiver of Claims. Pursuant to 28 U.S.C. §§ 1651 (a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Actions.

**12. <u>Enforcement of Settlement</u>.** Nothing in this Final Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this Final Order or in the accompanying Final Judgment preclude Plaintiffs or other Class Members from participating in the Claim Process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

**13. <u>Attorneys' Fees and Expenses</u>.** Lead Class Counsel, on behalf of Plaintiffs' Counsel, are hereby awarded attorneys' fees in the amount of $937,500.00 and reimbursement of Plaintiffs' Counsel's disbursements and expenses in the amount of $61,674.44, which amounts are approved as fair and reasonable, pursuant to Fed. R. Civ. P. 23(h), and which are in accordance with the terms of the Settlement Agreement. The Court finds that the above stated award of attorneys' fees is fair and reasonable in consideration of, among other things, the efforts of Lead Class Counsel and Plaintiffs' Counsel and the settlement they achieved for the Class. The Court finds that the amount of expenses is reasonable and that the expenses were reasonably incurred in the course of the litigation. Lead Class Counsel, in their discretion, shall allocate and distribute this award of attorneys' fees and expenses among Plaintiffs' Counsel. All objections to any request for an award of attorneys' fees and reimbursement of expenses are hereby overruled.

**14. <u>Service Awards to Plaintiffs</u>.** The Court hereby awards Service Awards as follows:

$2,500.00  to Valerie Bezdek;

$2,500.00  to Brian De Falco; and

$1,500.00  to Ali Safavi.

**15. <u>No Other Payments</u>.** The preceding two paragraphs of this Final Order cover, without limitation, any and all claims

against the Released Parties for attorneys' fees and expenses, costs, or disbursements incurred by Lead Class Counsel or any other counsel representing Plaintiffs or Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to the Actions, the settlement of the Actions, the administration of such settlement, and/or the Release and Waiver of Claims, except to the extent otherwise specified in this Final Order, and accompanying Final Judgment and the Settlement Agreement. Plaintiffs are not precluded from seeking attorneys' fees, expenses, costs, or disbursements from an objecting Class Member or his or her counsel (and not Vibram or its counsel) in connection with an appeal filed by an objecting Class Member.

16. **Modification of Settlement Agreement.** The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, and all attached exhibits, as are consistent with this Final Order and the accompanying Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

17. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Order and/or the accompanying Final Judgment, this Court expressly

retains jurisdiction as to all matters relating to the
administration, consummation, enforcement and interpretation of
the Settlement Agreement and of this Final Order and the
accompanying Final Judgment, and for any other necessary
purpose, including, without limitation:

    (a)    enforcing the terms and conditions of the
Settlement Agreement and resolving any disputes,
claims, or causes of action that, in whole or in
part, are related to or arise out of the
Settlement Agreement, this Final Order or the
accompanying Final Judgment (including, without
limitation, whether a person or entity is or is
not a Class Member; and whether claims or causes
of action allegedly related to this case are or
are not barred by this Final Order and the
accompanying Final Judgment);

    (b)    entering such additional Orders as may be
necessary or appropriate to protect or effectuate
this Final Order and the accompanying Final
Judgment, dismissing all claims on the merits
and with prejudice, and permanently
enjoining Class Members from initiating or
pursuing related proceedings, or to ensure the

fair and orderly administration of this
settlement; and

(c)     entering any other necessary or appropriate
Orders to protect and effectuate this Court's
retention of continuing jurisdiction; provided,
however, that nothing in this paragraph is
intended to restrict the ability of the Parties
to exercise their rights under paragraphs 8 and
16 or as otherwise provided in the Settlement
Agreement.

**18.  No Admissions.**  Neither this Final Order, nor the
accompanying Final Judgment, nor the Settlement Agreement (nor
any other document referred to herein, nor any action taken to
carry out this Final Order or the accompanying Final Judgment)
is, may be construed as, or may be used as an admission or
concession by or against Vibram or any other of the Released
Parties of the validity of any claim or defense or any actual or
potential fault, wrongdoing, or liability whatsoever.  Entering
into, or carrying out, the Settlement Agreement, and any
negotiations or proceedings related to it, shall not in any
event be construed as, or deemed evidence of, an admission or
concession as to Vibram's denials or defenses and shall not be
offered or received in evidence in any action or proceeding
against any Party hereto in any court, administrative agency or

21

other tribunal for any purpose whatsoever, except as evidence of
the settlement or to enforce the provisions of this Final Order
and the accompanying Final Judgment and the Settlement
Agreement; provided, however, that this Final Order, the
accompanying Final Judgment, and the Settlement Agreement may be
filed in any action against or by Vibram or any other of the
Released Parties to support a defense of *res judicata*,
collateral estoppel, release, waiver, good-faith settlement,
judgment bar or reduction, full faith and credit, or any other
theory of claim preclusion, issue preclusion, or similar defense
or counterclaim.

    **19. Dismissal of Actions.** The Actions (including all
individual and Class claims presented therein) are hereby
dismissed with prejudice, without fees or costs to any Party
except as otherwise provided in this Order and the accompanying
Final Judgment and the Settlement Agreement.


*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT

## **EXHIBIT A**

The following people have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Order:

Craig Rairdon

Mike Macvie

Joshua & Tanya Reitz

Josh Goldfoot

Aaron Clark

Mikhail Medvedev

Michael Ahlers

Brad Bissell

Carolyn Rogers

Andrea Dragone

Sean Vancol

Karyn Skinner

Dawn Dinklocker

Karen Niehaus

Parsha Hobbs

Jordan Peters

A. Merrill Henderson

Nathan Henton

Samuel Meredith

Alok Narayana

Megan Davis

Douglas Gill

Sam Gray