# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALERIE BEZDEK, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>VIBRAM USA INC. and VIBRAM FIVEFINGERS LLC,<br><br>    Defendants. | Case No. 12-10513-DPW |
| BRIAN DE FALCO, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>VIBRAM USA INC. and VIBRAM FIVEFINGERS LLC,<br><br>    Defendants. | Case No. 13-10764-DPW |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR IMPOSITION OF APPEAL BOND UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7**

Plaintiffs Valerie Bezdek and Brian DeFalco, together with Defendants Vibram USA, Inc. and Vibram FiveFingers LLC, by and through their respective counsel, respectfully submit this Memorandum in Support of their Joint Motion for Imposition of an Appeal Bond in the amount of $58,365.00 against Objectors Madeline Monti Cain ("Cain"), Justin Ference ("Ference"), and Michael Narkin ("Narkin") (collectively "Objectors").  As is set forth in the Declarations of Christopher M. Morrison and Janine Pollack, attached as Exhibits A and B, respectively, hereto, this amount represents approximately half the legal fees and costs Plaintiffs and Defendants expect to incur in connection with the appeals.

On February 12, 2015 and February 13, 2015, and February 17, 2015, Cain, Ference, and Narkin, respectively, filed appeals of this Court's January 21, 2015 Final Judgment approving the Parties' class action Settlement. All three individuals previously objected to approval of the Proposed Settlement, and this Court expressly rejected each challenge that was raised in its January 16, 2015 Memorandum and Order granting Final Approval of the Settlement. These frivolous appeals that the Objectors now bring will cause the parties to incur costs caused by the delay in distribution of the settlement funds to class members, as well as attorneys' fees. The Court should therefore order the Objectors to post the bond requested in Defendants' motion.

## I. BACKGROUND

On April 30, 2014, Defendants and the Plaintiff Class presented the court with a Proposed Settlement of all claims against Defendants ("the Settlement"). Three objectors opposed the Settlement: Ference, Narkin, and Cain. Cain, who never filed a claim and who never substantiated her claimed purchase of FiveFingers Footwear, opposed the approval of the Settlement, vaguely claiming that it was "unreasonable, unfair, and inadequate" and that the fee requested by Class Counsel was "exorbitant." (Docket No. 84, filed Aug. 15, 2014).[1] Ferrence, the only objector to have filed a claim, challenged approval of the Settlement on similar (and similarly vague) grounds. (Docket No. 85, filed Aug. 15, 2014). Narkin challenged the amount of the Settlement and the proposed attorneys' fees, and also argued that Class Counsel had improperly used a confidentiality agreement in this case and should not be permitted to represent the Class. (Docket No. 88, filed Aug. 18, 2014).

After a Settlement Conference in October of 2014, Plaintiffs and Defendants moved the Court for Final Approval of the Settlement, and at the Court's request provided further support

---

[1] Docket references are to the above-captioned *Bezdek* action.

for the approval of the Settlement. (Docket Nos. 101 and 102, filed Nov. 12, 2014). This Court entered Final Approval of the Settlement on January 21, 2015. (Docket No. 106). In the Court's Memorandum and Order entering Final Approval of the Settlement, the Court stated:

> I am persuaded there are genuine questions as to the status of the objectors as class members. Nonetheless, I have considered the merits of the objectors' assertions to the extent they raise questions that I would ask independently in my own review of the proposed settlement.

(Docket No. 106, at 16).

The Court specifically considered and rejected Cain's, Ference's, and Narkin's complaints, at each turn expressly overruling the objections. With respect to Cain's objection to Class Counsel's fee, the Court, at her request, imposed a heightened standard of scrutiny, and nevertheless determined the fees were reasonable in the circumstances. (Docket No. 106, at n. 23). Accordingly, the Court entered Final Approval of the Settlement. (Docket No. 107).

Cain, Ference, and Narkin have now filed bare bones Notices of Appeal, adding nothing that would help the Court or the Parties understand what complaint they still have now that the Court undertook precisely the exacting review they demanded.[2] For the reasons explained herein, these appeals are frivolous because each and every complaint raised in Cain's, Ference's, and Narkin's Objections was specifically, and painstakingly, examined by this Court and rejected based on well-supported factual findings. None of the Objectors can prevail on appeal. Rather, as was disclosed to this Court during the course of the litigation, these Objectors are "serial" or "professional" objectors who have made a habit of launching baseless challenges to class action settlements in an attempt to extort large payments from the class in exchange for dropping their

---

[2] As the Court repeatedly observed, it was duty bound to scrutinize the proposed Settlement Agreement, and would have done so with or without objections.

3

meritless objections or appeals. An appeal bond is the only way to safeguard the parties against such frivolous proceedings.

## II. ARGUMENT

"In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure the payment of costs on appeal." Fed. R. App. P. 7. "The determination of the nature and amount of the bond is a matter left to the sound discretion of the district court." *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987) (per curiam) (citations omitted). An appeal bond to secure against appellees' attorneys fees is appropriate when, in the District Court's view, the "appeal might be frivolous." *Id.* (affirming imposition of bond when Court of Appeals implied the District Court viewed appeal as potentially frivolous).

"An appeal is frivolous ... when the appellant's legal position is doomed to failure—and an objectively reasonable litigant should have realized as much from the outset." *Toscano v. Chandris, S.A.*, 934 F.2d 383, 387 (1st Cir. 1991). Frivolity can be measured in light of the deference this District Court's decision will receive on appeal. *Cleveland Hair Clinic, Inc. v. Puig*, 200 F.3d 1063, 1068 (7th Cir. 2000). In this case, that deference is high: the Unite States Court of Appeals will reverse this Court's approval of the Class Action Settlement only if it finds an abuse of discretion, a standard the First Circuit has described as "highly deferential and 'not appellant-friendly.'" *In re Lupron Mktg. & Sales Practices Litig. (Rohn v. TAP Pharm. Products, Inc.)*, 677 F.3d 21, 30 (1st Cir. 2012), quoting *Texaco P.R., Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 875 (1st Cir. 1995).

A. <u>An Appeal Bond is Required in the Circumstances of this Case.</u>

The amount of an appeal bond may include costs incurred on appeal pursuant to Rule 39 of the Federal Rules of Appellate Procedure (*i.e.*, the costs to prepare and reproduce briefs and appendices), as well as the amount of potential "damages" that the appellate court might award

4

pursuant to Rule 38 of the Federal Rules of Appellate Procedure if the appeal is deemed frivolous. *Sckolnick*, 820 F.2d at 15. Potential "damages" for bringing a frivolous appeal includes attorneys' fees. *See, e.g., id.*; *In re Pharm. Indus. Avg. Wholesale Price Litig. (Settlement with Defendant GlaxoSmithKline)*, 520 F. Supp. 2d 274, 277-78 (D. Mass. 2007) ("there are public policy reasons to prevent frivolous objectors from threatening to hold up class distributions"); *Barnes v. FleetBoston Financial Corp.*, 2006 BL 130094, at *1-3 (D. Mass. 2006); *In re Compact Disc Minimum Adv. Price Antitrust Litig.*, No. MDL 1361, 2003 WL 22417252 (D. Me. Oct. 7, 2003).

The Objectors' appeals are patently frivolous. Although the approved Settlement Agreement protects the class by limiting the right of Class Counsel to request a further award of fees in connection with the appeal, it specifically reserves Plaintiffs' right to seek "attorneys' fees, expenses, costs, or disbursements from an objecting Class Member or his or her counsel (and not Vibram or its counsel) in connection with an appeal filed by an objecting Class Member." Vibram, whose fees were not paid out of the Settlement Fund, is likewise free to pursue such reimbursements. Thus, the Court should order an appeal bond in the amount of $58,365.00, which accounts for approximately half the attorneys' fees and costs Plaintiffs and Defendants are likely incur.

      B.    This Court Overruled Cain's, Ference's, and Narkin's Objections on a Well-Developed Factual Record.

Cain, Ference, and Narkin raised several issues in their Objections, each of which was rejected by this Court based on amply supported factual findings, which are necessarily subject to deferential review. The United States Court of Appeals for the First Circuit generally reviews approvals of class actions settlements only for an abuse of discretion. *Voss v. Rolland*, 592 F.3d 242, 246 (1st Cir. 2010); *City P'ship Co. v. Atl. Acquisition LP*, 100 F.3d 1041, 1043 (1st Cir.

1996).  And subsidiary factual findings such as are at issue here are entitled to even more deference.  *See* Fed. R. Civ. P. 52(a).  There is no meaningful chance those findings will be overturned on appeal, rendering the appeal frivolous.  *Toscano*, 934 F.2d at 387.

Cain and Ference both objected to the Settlement Amount with the vague claim that it was "unreasonable, unfair, and inadequate." (Docket No. 84, at 9-10 (Cain); Docket No. 85, at 3 (Ference)).  After an exhaustive examination of the merits of the Class's claims, the objections raised, and the specific factual and legal circumstances attending this case, this Court found the Settlement Agreement to be "fair, reasonable, and adequate." (Docket No. 106, at 52).  The record is closed, and the Objectors can point to no evidence that the Settlement was otherwise.

As is described more fully in the L.R. 7.1 Certification appended to the Joint Motion for Imposition of an Appeal Bond, in discussions that preceded the filing of this motion, Cain and Ference argued that their appeals could not be frivolous because this Court considered their arguments, even if those arguments were ultimately rejected.  This position utterly ignores the standard of review on appeal, and pretends the Court of Appeals will give no deference to this Court's discretion.  Because this Court approved the settlement on the basis of a well-developed factual record, there is no meaningful chance the Appeals Court will overturn its ruling.  The appeal on this issue is frivolous.

Ference additionally argued that the class received inadequate notice concerning the merits of Plaintiffs' claims as well as the reasonableness of the Settlement, on the basis that it was impossible to determine whether the amount of the Settlement was fair without knowing how many individuals were potential members of the class. (Docket No. 85, at 2-3).  Narkin made a similar argument, that class members could not know if the Settlement was "adequate, fair, and an arm's length transaction," because class members could not "look through the file"

and see "what particular discovery results . . . led up to the proposed Settlement." (Docket No. 88, at 1).

Here again, this Court expressly considered those objections and concluded "on independent review . . . that the notice program was robust, particularly in its online presence and [was] implemented as directed in [the Court's] order authorizing notice." (Docket No. 106, at 18). Although the Court recognized that "details would by definition have provided additional instruction regarding the proposed settlement, such detail was not required to be provided in the notice." (*Id.*) This Court specifically found that "notice was given to the settlement class members by *the best means practicable* under the circumstances." (*Id.* (citations omitted) (emphasis supplied)).

All three Objectors also challenged the attorneys' fee award to Class Counsel as "exorbitant" and "unreasonable." (Docket No. 84, at 11-15 (Cain); Docket No. 85, at 4 (Ference); Docket No. 88, at 1 (Narkin)). Here again, after canvassing the record and making subsidiary findings respecting the skill of the attorneys involved (Docket No. 106, at 56), the efforts made in the course of the litigation (*id.*), and the relief afforded by the settlement in relation to the uncertainty of the success of the trial (*id.* at 58), the Court found the award of attorneys' fees to be reasonable.[3]

---

[3] Ference additionally suggested that the Class was not given sufficient information to evaluate the reasonableness of Class Counsel's fee because the motion for attorneys' fees was not posted on the Settlement website. (Docket No. 85, at 4). This Court explicitly rejected that objection because "the plaintiffs' extensive memorandum in support of the motion and accompanying exhibits are available on the website and on the court's electronic docket. Those submissions provide enough background for a class member to lodge an objection." (Docket No. 106, n. 23).

Narkin argued that Class Counsel should not be appointed in this case because they had "engaged in unethical behavior in another class action." (Docket No. 88, at 1). The Court found this contention be without merit because, as Plaintiffs had pointed out, Narkin had asserted "an identical, unsuccessful claim in a separate class action in which lead counsel was involved . . . [and] [t]here, the court concluded that Narkin's identical objections lacked merit and were not made in good faith." (Docket No. 106, n. 14) (citing *Arnold v. FitFlop USA, LLC*, No. 11-cv-0973W, 2014 WL 3014679, at *2 (S.D. Cal. July 3, 2014)).

The remainder of the Objectors' claims, which were even less substantive, were similarly considered and rejected. Both Cain and Ference complained that the injunctive relief was "illusory." (Docket No. 84, at 17 (Cain); Docket No. 85, at 3 (Ference)). This Court expressly found the injunctive relief "to be a valuable contribution to this settlement agreement." (Docket No. 106, at 46). Despite submitting no proof or even a sworn statement that she was a class member, Cain objected to the burden imposed on class members filing claims for more than two pairs of FiveFingers Footwear, who were required to substantiate their claims. (Docket No. 84, at 17-18). This requirement, imposing no burden on claimants who sought payment for only one or two pairs, was obviously reasonable and was an effective fraud deterrent.

Cain and Ference also challenged the modest incentive awards requested for each of the named plaintiffs. (Docket No. 84, at 18 (Cain); Docket No. 85, at 4 (Ference)). The Court found these awards to be amply supported by the sworn affidavits of the named plaintiffs and of their counsel respecting their contributions to these actions. (Docket No. 106, at 60-61).[4]

In short, the Court considered, and rejected on the factual record, each objection lodged by (i) Cain, who has never substantiated her status as a class member, much less a knight errand authorized to champion the rights of others, (ii) Ference, whose cursory objections the Court could characterize only as "ungrounded" (Docket No. 106, n. 23), and (iii) Narkin, whose attempts to de-rail class action settlements and extort exorbitant amounts of money have become a matter of public record.[5]

---

[4] Ference and Narkin also challenged the *cy pres* award included in the Settlement. (Docket No. 85, at 4-5 (Ference); Docket No. 88, at 1, 3 (Narkin)). That issue is now moot because the Parties agree that the Settlement Fund will be exhausted from the claims that it will pay out. (Docket No. 106, at n. 5).

[5] Not only are the Objectors' claims frivolous, but they are also vexatious. As explained in detail in Plaintiffs' Supplemental Memorandum In Support of Motion for Final Settlement Approval (Docket No. 94), incorporated by reference herein, Cain, Ference, and Narkin are each "serial" or "professional objectors" who make a habit of objecting to class action Settlements in an attempt to extort money from the Class. (*See id*. at 5-7).

  C. Where, as Here, the Appeal is Frivolous, An Appeal Bond That Includes Double Court Costs, Administrative Costs, and Attorneys' Fees Pursuant to Rule 38 <u>Would be Appropriate.</u>

"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. The First Circuit has upheld an award of an appeal bond that included those costs where this Court had reason to believe the appeal was frivolous. *See, e.g.*, *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987) (upholding the district court's award of a $5,000 appeal bond because "the district court's decision to set the amount at $5,000 implied a view that the appeal *might be frivolous* and that an award of sanctions against the plaintiff on appeal *was a real possibility*") (emphasis supplied).

The Court should reach the same conclusion here. The Objectors' appeals are frivolous because this Court's findings were based expressly on a well-developed factual record supporting the overall fairness of the Settlement. These findings are and will be entitled to extraordinary deference in the Court of Appeals, and since there is not a modicum of evidence suggesting the Settlement Agreement should not have been approved, the appeal will necessarily be frivolous.

Moreover, particularly in the cases of Cain's father/attorney and Narkin, other courts have already determined that their behavior in connection with class action objections has been far from exemplary. Indeed, Judge Davila in the United States District Court for the Northern District of California found Mr. Cain's behavior in that case to be so egregious that he was deemed to be unworthy to appear before that court. (*See In re Netflix*, 2011-CV-00379-EJD, Docket No. 341, Order Denying Attorney Christopher T. Cain's Motion for Leave to Appear *Pro Hac Vice*). A copy of this decision is attached as <u>Exhibit C</u> hereto. And Judge Whelan in the

United States District Court for the Southern District of California, denying Narkin's request to prosecute his appeal *in forma pauperis*, expressly found that Narkin's appeal there was " not taken in good faith." *Arnold v. FitFlop USA, LLC*, No. 11-cv-0973W, 2014 WL 3014679, at *2 (S.D. Cal. July 3, 2014). A copy of this decision is attached as <u>Exhibit D</u> hereto.

Federal Rule of Appellate Procedure 7 exists for precisely these circumstances, and permits the court to impose an appeal bond against objectors to a class action settlement, the amount of which includes court costs (pursuant to Rule 39 of the Federal Rules of Appellate Procedure), administrative costs and attorneys' fees—all of which can be doubled when the appeal is deemed frivolous. *See id.*; Fed. R. App. P. 38.

However, mindful that there are policy reasons to minimize hurdles to an appellant's rights to appeal, Plaintiffs and Defendants seek a bond of only <u>half</u> their estimated costs and fees: $58,365.00.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order pursuant to Rule 7 of the Federal Rules of Appellate Procedure requiring the Objectors to post an appeal bond of $58,365.00.

Respectfully submitted,

| COUNSEL FOR PLAINTIFFS, | VIBRAM USA INC. and VIBRAM FIVEFINGERS LLC, |
|---|---|
| By their attorneys, | By their attorneys, |
| /s/ Janine L. Pollack | /s/ Christopher M. Morrison |
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP<br>Janine L. Pollack<br>Michael Liskow<br>270 Madison Avenue, 10th Floor<br>New York, New York 10016<br>Telephone: 212-545-4600<br>Facsimile: 212-545-4677<br>pollack@whafh.com<br>liskow@whafh.com | JONES DAY<br>Dana Baiocco (BBO #624886)<br>Christopher M. Morrison (BBO #651335)<br>JONES DAY<br>100 High Street, 22nd Floor<br>Boston, Massachusetts 02110<br>Telephone:  (617) 960-3939<br>Facsimile:  (617) 449-6999<br>dbaiocco@jonesday.com<br>cmorrison@jonesday.com |

Dated:  March 16, 2015

## CERTIFICATION PURSUANT TO L.R. 7.1

    I, Christopher M. Morrison, hereby certify that I conferred with counsel for Cain and Ference, and that I attempted to confer with Narkin, but received no response, before filing this motion. More specifically, on March 12, 2015, I emailed counsel for the objectors and Mr. Narkin directly and invited a conference respecting this motion.

    By two return emails that day, counsel for Ference declined to agree to the relief requested in this motion.

    By return email that day, counsel for Cain (who is not yet admitted to practice in this District) agreed to the imposition of a $1,000.00 bond on behalf of his client/daughter to secure against the parties' costs only.

    Mr. Narkin (who as of this date has not yet paid the filing fee in connection with his appeal) did not respond. The parties were otherwise unable to resolve or narrow this issue.

    /s/ Christopher M. Morrison
    Christopher M. Morrison

## CERTIFICATE OF SERVICE

    I, Christopher M. Morrison, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 16, 2015.

    /s/ Christopher M. Morrison
    Christopher M. Morrison