UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VALERIE BEZDEK, individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 12-10513-DPW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| VIBRAM USA, INC. and VIBRAM FIVEFINGERS LLC | ) ) ) | |
| BRIAN DE FALCO, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 13-10764-DPW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| VIBRAM USA INC and VIBRAM FIVEFINGERS LLC, | ) ) | |

APPELLANT'S OPPOSITION TO JOINT MOTION FOR IMPOSITION
OF APPEAL BOND UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7

Objector/Appellant, JUSTIN FERENCE, opposes the Memorandum in Support for Imposition of Appeal Bond Under Federal Rule of Appellate Procedure 7 as follows:

Under FRAP 7, an appeal bond is designed "to ensure the payment of costs on appeal." Attorney's fees are not included in costs where the appeal is meritorious. *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987).

An appeal bond to cover attorney's fees in this case is not appropriate. The Objectors filed valid objections and are entitled to continue to challenge the findings of the District Court with respect to the fairness of the Class Action Settlement. The First Circuit is the proper venue at this stage in the litigation to have these objections decided.

In further support of this opposition, Ference states as reasons:

1.     The bond papers are not the proper time to address and decide the merits of the objections. There can be no dispute that the objections raised at the fairness hearing were appropriate. Indeed, at the fairness hearing, Vibram's counsel expressly acknowledged that, "I think the objections that were raised were ones that you, in the exercise of your discretion, were likely to raise yourself or questions or issues you were likely to raise," Hearing Transcript at 13. That the Objectors brought these issues to the attention of the Court can hardly be seen to make the objections frivolous.

2.     That the Court considered the objections and rejected them in its Judgment does not make the appeal frivolous. If that were the case, almost no case would be appealable without the imposition of fees. The law allows parties who are aggrieved to appeal regardless of whether the District Court considered and rejected their arguments below.

3.     There are significant issues raised by the conduct of the parties and their rush to settle. Some of these were already noted by the Court at the fairness hearing. For example, discovery was in its early stages, the plaintiffs filed suit, which they did not consider frivolous, even though they admittedly lacked most of the facts to support their claims, and the plaintiffs chose to settle so their attorneys could reap a fee of almost $940,000 (25% of the award) without the full benefits of examining the merits of the claims, all so class members could benefit by less than a mere 10% ($8.44) of the amount they paid for an allegedly defective and falsely advertised product. Whether the settlement goes far enough to provide notice and to benefit the class members for the alleged wrongdoing is certainly appropriate for review on appeal, particularly where the so-called experienced plaintiff's lawyers entered into the settlement thinking that only a much higher range of a $20.00 to $50.00 payout per claimant was fair.

4. The main and underlying complaint of the parties as to why this appeal is frivolous is the allegation that Ference, Cain and Narkin are "serial" objectors and that the standard of review is abuse of discretion. Neither of those arguments is dispositive: First, individuals should be allowed to require proper conduct of companies such as Vibram, the same as attorneys who develop a niche of class actions suits. Indeed, the plaintiff's attorneys readily admit that they have pursued multiple actions against similar defendants, and presumably have reaped the rewards for having pursued those matters even if they never ultimately proved their claims. The objectors provide a valuable check and balance to those "serial" class action lawyers. Second, there are only two standards of review on appeal, abuse of discretion and an error of law. That this appeal is under the abuse of discretion standard certainly cannot make it frivolous. Otherwise, such cases would never be appealed.

5. The filing of this motion to require these individual objectors whose only fault is that they purchased a $95.00 pair of shoes to post a bond to cover in excess of $58,000 in projected attorney's fees is similar to the bullying the parties attempted in noticing the depositions of the Objectors. As expressly noted by the Court at the fairness hearing, the notices of depositions and the pursuit of those depositions by motions to compel, "strikes me as a form of retaliation for their unwillingness to go along with things." Hearing Transcript at 11. Just as the depositions were not warranted, so too, the bond is not warranted.

6. The bond motion is filed on the eve of the mandatory pre-argument settlement conference. There are several issues with the timing. First, it was not filed immediately when the appeal was docketed. That timing would have made more sense. Rather, the parties waited and then precipitously filed it at this strategic moment to discourage a fair and frank discussion at the settlement conference, which was originally only scheduled a few days later. Second, a

component of the instructions for the mandatory pre-argument settlement conference is that the parties should work cooperatively to minimize costs and expense in advance of the conference. The tactic of filing the motion on a rush basis just before the conference is therefore antithetical to the entire purpose of the conference.

7.  The bottom line is that the Objectors raised valid objections at the fairness hearing and they are entitled to pursue those objections to their logical conclusion, which includes their right to appeal and to have the appeal heard, without the threat of having to cover the attorney's fees of the lawyers whose agendas are not necessarily in the best interests of the class members, such as the Objectors.

II.  Conclusion

Appellant Ference's objections remain with merit and he intends on pursuing his right to an appeal accordingly.

WHEREFORE, the motion for imposition of an appeal bond should be denied.

Respectfully submitted,

JUSTIN FERRENCE,

By his attorneys,

/s/David C. Aisenberg
David C. Aisenberg BBO#545895
Looney Cohen & Aisenberg LLP
33 Broad Street, 6th Floor
Boston, MA 02109
617-371-1050
daisenberg@lca-llp.com

## CERTIFICATE OF SERVICE

    I, David C. Aisenberg, hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on March 26, 2015 and served electronically via CM/ECF on all counsel of record.

                                                      /s/ David C. Aisenberg
                                                      David C. Aisenberg