UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALERIE BEZDEK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIBRAM USA INC. and VIBRAM FIVEFINGERS LLC,<br><br>Defendants. | Case No. 12-10513-DPW |
| BRIAN DE FALCO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIBRAM USA INC. and VIBRAM FIVEFINGERS LLC,<br><br>Defendants. | Case No. 13-10764-DPW |

**JOINT MEMORANDUM IN OPPOSITION TO OBJECTOR MICHAEL NARKIN'S MOTION TO PROCEED *IN FORMA PAUPERIS***

Plaintiffs Valerie Bezdek and Brian DeFalco (collectively "Plaintiffs"), together with Defendants Vibram USA, Inc. and Vibram FiveFingers LLC (collectively "Defendants"), by and through their respective counsel, respectfully submit this Memorandum in Support of Joint Opposition to the motion recently filed by Objector Michael Narkin ("Narkin") to proceed *in forma pauperis* in his appeal of the above-captioned matters because: (1) Narkin has the ability to pay the fees and costs associated with this appeal; (2) he is not entitled to waiver of such fees

1

and costs; and (3) he raises on appeal only frivolous issues on which this Court has already specifically ruled. Every one of these contentions has already been raised by parties and courts in Narkin's other cases (detailed below), in which he lodged almost identical appeals and was subsequently denied the right to proceed *in forma pauperis*. For the same reasons, and because the record confirms that he is either lying to this Court or has lied to several others, this Court should deny Narkin's motion to proceed *in forma pauperis*.

## I.     RELEVANT BACKGROUND

On February 17, 2015, Narkin filed a Notice of Appeal in this Court, and subsequently docketed his appeal in the United States Court of Appeals for the First Circuit. He did not at that time pay the filing fee or seek leave to proceed *in forma pauperis*. Indeed, he did nothing, save from confirming that he would not participate in the First Circuit's mediation program, until the Clerk dismissed his Appeal for failure to pay the fee.

Thereafter, Narkin did not seek leave to proceed *in forma pauperis* in this Court as is required under the First Circuit's rules. Fed. R. App. P. 24(a) ("[A] party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court."). The First Circuit recently referred his petition to this Court.

Plaintiffs and Defendants oppose Narkin's motion to proceed *in forma pauperis* for three reasons. **First**, it is clear, as a matter of public record, that Narkin has provided inaccurate and incomplete information respecting his ability to pay the costs of his appeal in this case. Narkin can, in fact, afford to pay the costs of his appeal, despite the misrepresentations he makes to this Court in the affidavit in support of his motion to proceed *in forma pauperis*. **Second**, Narkin is not entitled to a waiver of filing fees and costs. Narkin is a serial objector to class action settlements around the country who launches frivolous appeals of fair and reasonable settlements

for his own personal livelihood. In fact, Plaintiffs and Defendants are unaware of any case in which a district or appellate court has sustained one of Narkin's objections. **Finally**, Narkin's appeals in such cases are uniformly frivolous and brought in bad faith. Indeed, two other federal courts have already denied his motions to proceed *in forma pauperis*, on appeals determined to have been taken in bad faith. The same result should be reached in this case.

## II.   LEGAL STANDARD

Pursuant to Rule 24(a)(5) of the Federal Rules of Appellate Procedure:

> A party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Fed. R. App. P. 24(a)(5). The affidavit required by Rule 24(a)(1) must be provided if the appellant did not move to proceed *in forma pauperis* in this Court, and must: "(A) show[] in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claim[] an entitlement to redress; and (C) state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

"[P]roceeding *in forma pauperis* in a civil case is a privilege or favor granted by the government." *Pisano v. Astrue*, 2012 U.S. Dist. LEXIS 3217, at *2 (D. Mass. Jan. 10, 2012) (citations omitted). The determination of whether a plaintiff is indigent and unable to pay the filing fee falls within this Court's discretion. *Guiliani v. Accurate Abatement*, 1992 U.S. App. LEXIS 8762, at *2 (1st Cir. Feb. 20, 1992) (citations omitted); *Pisano*, 2012 U.S. Dist. LEXIS 3217, at *2 (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)). To satisfy the requirements to proceed *in forma pauperis*, "an affidavit [of poverty] is sufficient which states that one cannot

because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted); *Giuliani*, 1992 U.S. App. LEXIS 8762, at *2 (citing *Adkins*).

District courts, therefore, should deny motions to proceed *in forma pauperis* where the applicant can pay the filing fee with acceptable sacrifices. *See, e.g.*, *Giuliani*, 1992 U.S. App. LEXIS 8762, at *2-3 (affirming denial of motion to proceed *in forma pauperis* because applicant "failed adequately to show that paying the filing fee would render him unable to provide his family with basic necessities --*e.g.*, food, shelter, utilities, and medical care."); *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (denying a motion to proceed *in forma pauperis* where the "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action"). Finally, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In other words, even if the applicant is unable to pay or give security for the appellate costs, a district court may deny a motion to proceed *in forma pauperis* if the appeal is not taken in good faith. *Ellis v. United States*, 356 U.S. 674 (1958); *Coates v. Erickson*, 2013 U.S. Dist. LEXIS 43594, at *15 (D. Mass. Mar. 26, 2013) (Woodlock, J.) ("I find, and will hereby certify, that any appeal by Coates of the matters contained in this Memorandum and Order would not be taken in good faith. Such a certification prohibits *in forma pauperis* status on appeal even though Coates has been found to be indigent.").

Recognizing these principles, the United States District Court for the Southern District of California recently denied Narkin's motion to proceed *in forma pauperis* on appeal in which he raised issues identical to those he raises in this case. In *Arnold*, Narkin, the sole objector to the

class action settlement, argued that "(1) the proposed settlement bears no relationship to the alleged damages inflicted by Defendants on Plaintiffs; (2) Class counsels' actions are indicia of a consciousness of unfairness and collusion; and (3) the amount of attorney's fees and expenses constitutes over reaching, represents unjust enrichment, and shocks the conscience." *Arnold v. FitFlop USA, LLC*, 3:11-cv-00973 (S.D. Cal. May 4, 2011) (Docket No. 123). Those are the same objections, <u>word for word</u>, that Narkin made in this case, *see Bezdek, et al. v. Vibram USA, Inc., et al.*, No. 12-cv-10513 (D. Mass. Mar. 21, 2012) (Docket No. 88),[1] <u>and in eight other cases</u> in which he objected to class action settlements. *See* Ex. D (examples of Narkin's identical objections). Not only did the court conclude that Narkin had the ability to pay filing fees based on the information he submitted, but the court expressly concluded that his appeal, which raised the exact issues that he raises in this case, was not taken in good faith. *See Arnold,* 11-cv-00973 (Docket No. 123, at 2.) ("[T]he Court also finds that Applicant's appeal is not taken in good faith."). Narkin's motion to proceed *in forma pauperis* should be denied here for the same reasons.

    A.  <u>Narkin Cannot Show Inability to Pay the Filing Fees and Costs.</u>

The first requirement under Rule 24(a)(1) is that the movant demonstrate an inability to pay filing fees and court costs. *See* Fed. R. App. P. 24(a)(1)(A). Despite Narkin's recently filed affidavit in support of his motion to proceed *in forma pauperis*, which purports to demonstrate his inability to pay the costs of this appeal, none of the representations made in that document can be credited. *See Bezdek,* No. 12-cv-10513 (Docket No. 123-1). Narkin has made his current financial condition a matter of public record. Within the past year, Narkin has filed three other motions to proceed *in forma pauperis*, on May 27, 2014, March 28, 2014, and March 17, 2015,

---

[1] The two additional arguments Narkin made in the instant case are irrelevant, as this Court has already recognized. *See Bezdek*, No. 12-cv-10513 (Docket No. 106, at 27-28, n. 14).

respectively, in his attempt to launch frivolous appeals of class action settlements. *See, e.g.*, Ex. A, *Arnold v. FitFlop*, No. 11-cv-0973 W (KSC) (S.D. Cal. July 3, 2014) (Docket No. 122); Ex. B, *Herrick et al. v. JP Morgan Chase Bank, N.A., et al.*, 1:13-cv-21107 (S.D. Fla. Mar. 28, 2013) (Docket No. 137); *see also* Ex. C, *Aguiar, et al., v. Merisant Co., et al.*, No. 15-55362 (9th Cir. 2015) (Docket No. BL-9). In every case, Narkin checked "No" next to the question, "Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?" *See* Exs. A-C. Narkin and his wife also filed for Chapter 13 Bankruptcy on June 26, 2014 in the U.S. Bankruptcy Court for the District of Oregon. *Michael Hillard Narkin and Sebrina Lisa Narkin*, No. 6:14-bk-62392 (Bankr. D. Or. June 26, 2014). A review of the filings and representations made in those cases proves that Narkin has been deceptive and untruthful about the state of his financial condition not only in those previous cases, but in this case as well.

> 1. Narkin Lied About His Financial Condition to the Courts in *Arnold* and *Herrick* in Early 2014.

Narkin filed his motions to proceed *in forma pauperis* in the *Arnold* and *Herrick* cases on May 27, 2014 and March 28, 2014, respectively. *See* Exs. A-B. In the affidavits in support of those motions, Narkin made the following representations:

- That his wife had income of $400 per month from employment;
- That his wife was employed at "Williamalane" from January to April of 2014;
- That his wife was employed at "Williamalane" from January to May of 2014;
- That he and his wife had one checking account at Bank of America that contained $300 or $240;
- That he and his wife owned a 1994 Honda Accord, valued at $1500.00 and a 2004 Dodge Truck, valued at $4000.00;
- And that he and his wife paid $610 per month in utilities.

*See* Exs. A and B.

Then, on June 26, 2014, the Narkin's filed their Voluntary Petition declaring Chapter 13 bankruptcy. *Narkin*, No. 6:14-bk-62392 (filed June 26, 2014). Representations that they made to the bankruptcy court just months after Narkin filed these motions to proceed *in forma pauperis* prove that he was untruthful in his affidavits accompanying those motions. Narkin's Summary of Schedules (Ex. E, *Narkin*, No. 6:14-bk-62392 (Docket No. 9)) and his Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Ex. F, *Narkin*, No. 6:14-bk-62392 (Docket No. 10)) filed in the U.S. Bankruptcy Court for the District of Oregon on July 8, 2014, make the following representations:

- That his wife had income of $585.67 per month from employment, and that their current monthly income totaled $5,420.00;

- That his wife was employed at "Williamalane Park & Recreation" for the past five (5) years;

- That he and his wife had four (4) checking accounts at:  Ally Bank, containing $589.00; Pacific Continental Bank, containing $8.00; First Technology Credit Union, containing $24,434; and First Technology Credit Union, containing $619;

- That the 2004 Dodge Truck was actually valued at $10,000.00 and that Narkin and his wife additionally owned an (apparently valueless) Oldsmobile as well as a 2008 Honda CRV, valued at $5,000;

- And that he and his wife actually only paid $345.00 per month in utilities.

*See* Exs. E and F (emphasis added).

And the misrepresentations Narkin made in the affidavits accompanying his motions to proceed *in forma pauperis* in *Arnold* and *Herric*k were nothing compared to the omissions he made. The same bankruptcy filings indicate that Narkin and his wife also had:

- An additional $45,150.00 in personal property;

- A debt owed to them for "Overpayment to Green Tree Servicing on sale of property at 10550 Whitehawk Drive, Reno, NV";

7

- Clothing worth $800.00, jewelry worth $500, and household furnishings worth $2,000;

- Net income from operating a business (for their animal rescue) at $3,385 per month;

- And finally, these filings disclosed that the Narkin's had sold their rental property in Reno, Nevada, on October 8, 2013.

Ex. E.

On August 4, 2014, the Bankruptcy Trustee objected to the Narkin's Chapter 13 plan, noting (even though he disclosed far more to the Bankruptcy Court than he had previously admitted to owning) that Narkin had failed to report a number of potential sources of income. "[T]he debtors' failure to schedule and value all of their assets and provide a best interest of creditors number suggests a lack of fidelity to their creditors." *See* Ex. G, *Narkin*, No. 6:14-bk-62392 (Docket No. 16, at 2); *see also id*. at 1- 2 ("Narkin indicated at the meeting of creditors that he believes that Green Tree was paid approximately $90,000 in excess of what it was owed. The claim should be valued accordingly."); *id*. at 2 (explaining that at the meeting of creditors, Narkin testified that he was involved in the pending class action settlements in *Herrick* and *Arnold*, and that he was licensed to sell insurance, none of which he had disclosed). Additionally, the trustee noted that there were questions of bad faith surrounding the Narkins' petition for bankruptcy, explaining that while the Narkins valued their property at $230,000, "they purchased the property in 2002 for $380,000 and Lane County indicates that the value is closer to $507,000. Without any documentation supporting a value of $230,000, the property appears to have substantially more value than is stated." *Id*.; *see also id*. (explaining that the Narkins' plan to allocate $72,400 to cure a pre-petition arrearage on their property, which "the debtors contend is substantially underwater indicates bad faith").

2. After Both the *Arnold* and *Herrick* Courts Denied Narkin's Motions to Proceed *In Forma Pauperis*, He Has "Improved" His Affidavit in 2015.

Despite Narkin's misrepresentations in the affidavits accompanying his motions to proceed *in forma pauperis* in the *Arnold* and *Herrick* cases, both courts denied his motions. *Arnold*, No. 11-cv-0973 (Docket No. 123); *Herrick*, No. 13-cv-21107 (Docket No. 156). Subsequently, it would appear that Narkin has determined to include more falsities and omit more information in the motions to proceed *in forma pauperis* that he has filed in 2015. Narkin filed his motion to proceed *in forma pauperis* in the instant case on March 20, 2015, three days after filing a motion to proceed *in forma pauperis* in the *Aguiar* case on March 17, 2015. Ex. C. Narkin's affidavits today have greatly improved his chances of having his motions granted, because he now:

- Omits his wife's income from employment, and represents that she is unemployed (he does not even give the dates of her employment as he did in 2014);

- Continues to list only two checking accounts, now Ally and Bank of America, that have a total of value $70 combined;

- Lists his "residence" as being "-$150,000," or $150,000 "under water";

- Lists the 1994 Honda Accord as being worth $1500.00, the 2004 Dodge truck as now being worth only $3500.00, and continues to omit the Oldsmobile and the 2008 Honda CRV (valued at $8000.00 in the bankruptcy filing);

- Fails to list the potential sources of income he might have, such as payments from the class action settlements in which he is involved or the $90,000 potential claim for overpayment to Green Tree;

- Continues to state that he and his wife pay $610 in monthly utilities;

- And now writes in the narrative box, "I am 68 years old and cannot find employment. We have no savings other than what is listed," despite all of the money that was listed as belonging to the Narkin's in their four checking accounts approximately nine months ago.

*Bezdek*, 12-cv-10513 (Docket No. 123-1); Ex C.

Despite his efforts to fool the courts this year into believing that he has the inability to pay the costs of his frivolous appeals, there is ample evidence that Narkin has the ability to pay. The Courts in *Arnold* and *Herrick* refused to let Narkin continue to take advantage of the system and derail fair and reasonable class action settlements by denying his motions to proceed *in forma pauperis* on appeal. This Court should do the same.

B. <u>Narkin Is Not Entitled to a Waiver of Filing Fees and Costs.</u>

Narkin's motion to proceed *in forma pauperis* likewise should not be granted because his motives are improper and his appeal is not brought in good faith. As explained, in *Arnold* Narkin raised <u>word for word</u> the same objections that he made in this case and in eight other cases. *See Arnold*, 11-cv-00973 (Docket No. 123, at 2); *see also* Ex. D. Aside from analyzing, for the second time, each of Narkin's objections to the settlement in that case, the court noted that Narkin's behavior as a party to the case additionally demonstrated that his appeal was not taken in good faith. *Arnold*, 11-cv-00973 (Docket No. 123, at 2). The court pointed out that Narkin had demanded $100,000 from the plaintiffs in exchange for dismissing his appeal, which Narkin did not deny. *See id.* (Docket No. 123, at 3, n. 2). Rather, he explained that "the demand was for a charity he volunteers for, called Luvin Animal Rescue." *Id.* The court clarified, however, that "the charity appear[ed] to belong to [Narkin] and his family." *Id.* Indeed, Narkin noted income from that "charity" in his bankruptcy filings. *See* Ex. E. Thus, the Court concluded that Narkin's appeal was not taken in good faith and denied his motion to proceed *in forma pauperis*.

Narkin has filed substantially identical objections to class action settlements in at least eight cases (not counting the instant matter) and he has appealed in five of those matters.[2] *See*

---

[2] *Aguiar, et al. v. Merisant Co., et al.*, 2:14-cv-00670 (C.D. Cal. Jan. 28, 2014) (Docket No. 121 (objections), No. 131 (appeal)); *Herrick et al. v. JP Morgan Chase Bank, N.A., et al.*, 1:13-cv-21107 (S.D. Fla. Mar. 28, 2013)

Ex. D.  In one case, the deadline for payment or the filing of a motion for *in forma pauperis* has not yet passed.[3]  Narkin filed motions to proceed *in forma pauperis* in the other four of those appeals.  Narkin's motion to proceed *in forma pauperis* was denied in two cases and opposed in one (which remains pending).[4]  (Narkin voluntarily dismissed the fourth.[5])  Here, Narkin did not move to proceed *in forma pauperis* in this Court, cannot demonstrate an inability to pay the filing fees, and his appeal is frivolous and not taken in good faith.  This Court should therefore follow the lead of its sister courts and require Narkin to pay the filing fee as a predicate to prosecuting his appeal.

    C.  Narkin's Appeal is Frivolous

Defendants have already briefed the Court as to the reasons that Narkin's appeal of the final settlement approval in this case is frivolous.  *See Bezdek*, No. 12-cv-10513 (Docket No. 119).  Indeed, the entire motivation for Defendants' and Plaintiffs' Joint Motion for Imposition of an Appeal Bond was that the objectors in this case have filed entirely frivolous appeals; in Narkin's case, that appeal happens to have been launched by "a serial objector, whose carbon-copy objections district courts frequently reject as baseless" attempts to derail fair and reasonable

---

(Docket No. 104 (objections), No. 127 (appeal)); *Miller, et al. v. Ghirardelli Choc. Co.*, 12-cv-04936 (N.D. Cal. Sept. 21, 2012) (Docket No. 159 (objections)); *Larsen v. Trader Joe's Co.*, No. 3:11-cv-05188 (N.D. Cal. Oct. 24, 2011) (Docket No. 102 (objections), No. 127 (appeal)); *Rose v. Bank of America*, No. 5:11-cv-02390 (N.D. Cal. May 16, 2011) (Docket No. 79 (objections)); *Arnold v. FitFlop USA, LLC*, 3:11-cv-00973 (S.D. Cal. May 4, 2011) (Docket No. 119 (objections), No. 122 (appeal)); *In re: Polyurethane Foam Antitrust Litig.*, 1:10-md-02196 (N.D. Ohio, Dec. 2, 2012) (Docket No. 1472 (objections); (Docket No. 1620 (appeal)); *Demmick v. Cellco P'ship d/b/a Verizon Wireless*, No. 2:06-cv-2163 (D.N.J. May 11, 2006) (Docket No. 165 (objections)).

[3] *Direct Purchaser Class v. Defendants Liaison Counsel*, No. 15-01497 (Fed. Cir. Mar. 26, 2015) (Docket No. BL-1, appeal of the *In re: Polyurethane* class action, noting that Narkin must pay the filing fee or file a motion to proceed *in forma pauperis* by April 9, 2015).

[4] *Aguiar*, No. 14-cv-00670 (Docket No. BL-9) (opposition to motion to proceed *in forma pauperis* filed on March 27, 2015); *Herrick*, No. 13-cv-21107 (Docket No. 156) (denying motion to proceed *in forma pauperis*); *Arnold*, No. 11-cv-00973 (Docket No. 123) (denying motion to proceed *in forma pauperis*).

[5] *Larsen*, No. 3:11-cv-05188 (appellate court accepted district court's grant of motion to proceed *in forma pauperis*; Narkin voluntarily dismissed appeal).

class action settlements to support his personal livelihood. *In re: Polyurethane Foam Antitrust Litig.*, 1:10-md-02196 (Docket No. 1534, at 11); *see* Ex. D (examples of Narkin's carbon-copy objections). Because Narkin cannot demonstrate an inability to pay the appellate filing fees, is not entitled to a waiver of those fees, and has launched an appeal that is frivolous and not brought in good faith, his motion to proceed *in forma pauperis* should be denied.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs and Defendants respectfully request that the Court deny Narkin's motion to proceed *in forma pauperis*.

Respectfully Submitted,

| **COUNSEL FOR PLAINTIFFS** | **VIBRAM USA INC. and VIBRAM FIVEFINGERS LLC,** |
|---|---|
| By their attorneys, | By their attorneys, |
| /s/ Janine S. Pollack_____ | /s/ Christopher M. Morrison_____ |
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP<br>Janine L. Pollack<br>Michael Liskow<br>270 Madison Avenue, 10th Floor<br>New York, New York 10016<br>Telephone: 212-545-4600<br>Facsimile: 212-545-4677<br>pollack@whafh.com<br>liskow@whafh.com | JONES DAY<br>Dana Baiocco (BBO #624886)<br>Christopher M. Morrison (Bar No. 84790)<br>100 High Street, 22nd Floor<br>Boston, Massachusetts 02110<br>Telephone: (617) 960-3939<br>Facsimile: (617) 449-6999<br>dbaiocco@jonesday.com<br>cmorrison@jonesday.com |

Dated: April 6, 2015

**CERTIFICATE OF SERVICE**

  I, Christopher M. Morrison, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 6, 2015.

                /s/ Christopher M. Morrison_____
                Christopher M. Morrison