Exhibit D



January 2, 2015

Clerk of the U. S. District Court
for the Central District of California, Western Division
Edward R. Roybal Federal Building
255 East Temple Street
Los Angeles, CA 90012-3332

Re: Angel Aguiar, et al. v. Merisant Company, et al.
   Case No. 2: 14-CV-00670-RGK
   Objection to the Settlement

Dear Clerk of the Court:

This letter is an objection to the proposed Class Action Settlement and request for attorney's fees. I am a class member who is not being represented by counsel, and I do not intend to appear at the Final Approval Hearing.

I adopt and incorporate the objections of other class members, and, in addition, the basis of my objection are four fold: 1) There is no adequate showing that the proposed Settlement bears any relationship to the alleged damages inflicted by Defendant on Plaintiffs; 2) The actions of Class Counsel, including improper request for a protective order, are indicia of a consciousness of unfairness and collusion; 3) The amount of the proposed attorney fees of up to $450,000.00 constitute over reaching and represents unjust enrichment; and 4) the *cy pres* provision in the settlement is inappropriate.

In its Settlement Statement published on the case web site, Class Counsel failed to recite what particular discovery results, what particular proceedings, and what particular procedures led up to the proposed Settlement. Members of the class, including myself, need to be able to look through the file, including discovery, and satisfy themselves that the proposed Settlement is adequate, fair, and an arms length transaction, but this is not possible because there is a protective order in place. Instead, we are offered only empty recitations naming types of discovery that could have been copied from a law school hornbook. If the role of an objector is to have any meaning, it must be coupled with the right to scrutinize the case file and verify the details.

Since I am a member of the class, and therefore a client of Class Counsel, there is legal authority to support my right to access and scrutinize Class Counsel's file. Beside the Rules of Professional Conduct, there is *In the Matter of Kaleidoscope, Inc.* 15 B.R. 232 (Bkrutcy. D.Ga. 1981) where the court held that the attorney is an agent of the client and may not refuse to turn over any portion of client's file, and may not assert work-product

/

privilege against client. And in ***Resolution Trust Corp. v. H---, P.C.*** 128 F.R.D. 647 (N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file belong to the client, and that neither the attorney-client privilege nor work-product doctrines were applicable.

The confidentiality agreement in place in this case was the result of a joint collaboration between Class Counsel and the Defense, and it raises the specter of collusion. Instead, Class Counsel sought out a protective order. Under Rule 26©, a district court may issue a protective order overruling the public's right to access the fruits of pretrial discovery for ***good cause***. For good cause to exist under Rule 26 ©, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." ***Phillips v. G.M. Corp.,*** 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c test." ***Beckman Indus., Inc. v. Int'l Ins. Co.,*** 966 F.2d 470, 476 (9th Cir. 1992). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." ***San Jose Mercury News, Inc. v. U.S. District Court—N.Dist. (San Jose)*** 187 F.3d 1096, 1103 (9th Cir. 1999). Class Counsel and the Defense obtained a protective order, but they avoided the Court's scrutiny that may have benefited members of the class.

Here, no particularized showing of good cause with respect to each individual document was presented, and as a class member with the right to object to any settlement, my right to access to discovery is far greater than merely a right afforded to a member of the general public.

Additionally, under the cloak of a protective order, Class Counsel may have seen no need to engage in real discovery to determine what the case was worth. Instead, they were free to discuss attorney fees without the bother of having to be adversaries on behalf of the Class. Once they discovered what attorney fees were acceptable to the defense, they may have seen no need to discover more.

Rule 23 sets no particular standards for objectors, but it sets high standards, including high ethical standards, for class counsel in class action cases such as this. In ***Eubank v. Pella Corp.*** (a case decided June 2, 2014) Nos. 13-2091, 13-2133, 13-2136, 13-2162, 13-2202, the Seventh Circuit removed Class Counsel for "demonstrated" lack of integrity in another matter completely independent of the instant case before the Court. And in ***Creative Montessori Learning Centers v. Ashford Gear LLC,*** 662 F.3rd 913, 918 (7th Cir. 2011) the Court ruled that only slight misconduct by Class Counsel was grounds for removal.

The *cy pres* provision in the Settlement Agreement is inappropriate. The charity that would receive the money has not been injured, and this provision may violate the Rule Against Perpetuities. Therefore, any excess monies should be distributed to class members.

Therefore, I oppose the proposed settlement and demand greater information on how it

represents an adequate result for Class. I request that the protective order be either vacated or modified so that class members may determine whether discovery was adequate. I also oppose the amount of attorney fees requested as being way above what might be considered reasonable, and I contend that the possible award to a charity be removed from the settlement.

I declare, under penalty of perjury, that I purchased at least one Pure Via Consumer Product during the class period.

Very truly yours,

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
541-852-5507
mpilot2001@aol.com

cc  Joseph P. Guglielmo and Amanda F. Lawrence, Scott & Scott, Attorneys at Law, LLP, The Chrysler Building, 405 Lexington Ave., 40th Floor, New York, NY 10174.

cc Pure Via Settlement Administrator c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614

FILED by _PG_ D.C.

JAN 2 2 2014

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

January 14, 2014

Clerk of the United States District Court
for the Southern District of Florida
400 North Miami, 8th Floor
Miami, FL 33128

Re: Saccoccio v. JP Morgan Chase
    Case No. 13-21107-CIV-Moreno
    Objection to the Settlement

Dear Clerk of the Court:

This letter is an objection to the proposed Settlement. I am a Settlement Class Member
who has not opted out of the Settlement, and I am not being represented by counsel.
I do intend to appear at the Final Approval Hearing.

The basis of my objection is two fold: 1) There is no adequate showing that the proposed
Settlement bears any relationship to the alleged damages inflicted by Defendants on
Plaintiffs; and 2) The amount of the proposed attorney fees and costs of up to
$20,000,000 constitutes extreme over reaching, represents unjust enrichment, and shocks
the conscience.

In its Stipulation and Settlement Statement published on the case website, Class
Counsel recites a number of proceedings and procedures that led up to the proposed
Settlement, but I could not find any statement of the hours of attorney time, the hours
of paralegal time, or an accounting of the costs incurred. There is, however, a clue in
Class Counsel's statement on page 4 that suggests that attorney time investment was
reduced because "Defendants are aware that Class Counsel have significant experience
litigating LPI claims" (1.9).

The above statement suggests that a "sweet heart" deal may have been worked out
relieving Defendants of the risk of a much harsher judgment and saving large amounts
of attorney time and costs. While such a conclusion may benefit Class Counsel, it does
not necessarily benefit Class Plaintiffs.

Therefore, I oppose the proposed settlement and demand greater information on how it
represents an adequate result for Class Plaintiffs. I also oppose the amount of attorney
fees and costs requested as being way above what might be considered reasonable.

Very truly yours,

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
541-852-5507

cc: Robert M. Brochin
    Brian M. Ercole
    Adam M. Moskowitz
    Frank G. Burt

U.S. POSTAGE PAID
EUGENE,OR
97405
JAN 15 14
1:12 PM AMOUNT
$0.46
000362  34-07

USMS
INSPECTED

RECEIVED

1000      33128

Nathim
85391 Chazem Rd.
Eugene, OR 97405

Clerk of the United States District Court
for the Southern District of Florida
400 North Miami, 8th Floor
Miami, FL 33128

33128  7716

**FILED**

~~RECEIVED~~

JAN 2 6 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

January 21, 2015

Class Action Clerk
U. S. District Court for the Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

Re: Miller, et al. v. Ghirardelli Chocolate Company
    Case No. 12-cv-04936 LB
    Objection to the Settlement

Dear Class Action Clerk:

This letter is an objection to the proposed Class Action Settlement and request for attorney's fees. I am a class member who is not being represented by counsel, and I do not intend to appear at the Final Approval Hearing.

I adopt and incorporate the objections of other class members, and, in addition, the basis of my objection are four fold: 1) There is no adequate showing that the proposed Settlement bears any relationship to the alleged damages inflicted by Defendant on Plaintiffs; 2) The actions of Class Counsel, including improper request for a protective order, are indicia of a consciousness of unfairness and collusion; 3) The amount of the proposed attorney fees of up to $1,575,000.00 constitute over reaching and represents unjust enrichment; and 4) the *cy pres* provision in the settlement is inappropriate.

In its Settlement Statement published on the case web site, Class Counsel failed to recite what particular discovery results, what particular proceedings, and what particular procedures led up to the proposed Settlement. Members of the class, including myself, need to be able to look through the file, including discovery, and satisfy themselves that the proposed Settlement is adequate, fair, and an arms length transaction, but this is not possible because there is a protective order in place. Instead, we are offered only empty recitations naming types of discovery that could have been copied from a law school hornbook. If the role of an objector is to have any meaning, it must be coupled with the right to scrutinize the case file and verify the details.

Since I am a member of the class, and therefore a client of Class Counsel, there is legal authority to support my right to access and scrutinize Class Counsel's file. Beside the Rules of Professional Conduct, there is *In the Matter of Kaleidoscope, Inc.* 15 B.R. 232 (Bkrutcy. D.Ga. 1981) where the court held that the attorney is an agent of the client and may not refuse to turn over any portion of client's file, and may not assert work-product privilege against client. And in *Resolution Trust Corp. v. H---, P.C.* 128 F.R.D. 647

(N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file belong to the client, and that neither the attorney-client privilege nor work-product doctrines were applicable.

The confidentiality agreement in place in this case was the result of a joint collaboration between Class Counsel and the Defense, and it raises the specter of collusion. Instead, Class Counsel sought out a protective order. Under Rule 26©, a district court may issue a protective order overruling the public's right to access the fruits of pretrial discovery for *good cause*. For good cause to exist under Rule 26 ©, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c test)." *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News, Inc. v. U.S. District Court—N.Dist. (San Jose)* 187 F.3d 1096, 1103 (9th Cir. 1999). Class Counsel and the Defense obtained a protective order, but they avoided the Court's scrutiny that may have benefited members of the class.

Here, no particularized showing of good cause with respect to each individual document was presented, and as a class member with the right to object to any settlement, my right to access to discovery is far greater than merely a right afforded to a member of the general public.

Additionally, under the cloak of a protective order, Class Counsel may have seen no need to engage in real discovery to determine what the case was worth. Instead, they were free to discuss attorney fees without the bother of having to be adversaries on behalf of the Class. Once they discovered what attorney fees were acceptable to the defense, they may have seen no need to discover more.

Rule 23 sets no particular standards for objectors, but it sets high standards, including high ethical standards, for class counsel in class action cases such as this. In *Eubank v. Pella Corp.* (a case decided June 2, 2014) Nos. 13-2091, 13-2133, 13-2136, 13-2162, 13-2202, the Seventh Circuit removed Class Counsel for "demonstrated" lack of integrity in another matter completely independent of the instant case before the Court. And in *Creative Montessori Learning Centers v. Ashford Gear LLC,* 662 F.3[rd] 913, 918 (7th Cir. 2011) the Court ruled that only slight misconduct by Class Counsel was grounds for removal.

The *cy pres* provision in the Settlement Agreement is inappropriate. The charities that would receive the money were not injured, and this provision may violate the Rule Against Perpetuities. Therefore, any excess monies should be distributed to class members.

Therefore, I oppose the proposed settlement and demand greater information on how it

represents an adequate result for Class. I request that the protective order be either vacated or modified so that class members may determine whether discovery was adequate. I also oppose the amount of attorney fees requested as being way above what might be considered reasonable, and I contend that the possible award to a charity be removed from the settlement.

I declare that I purchased, in the United States, at least one of the covered Ghirardelli products during the class period.

Very truly yours,

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
541-852-5507
mpilot2001@aol.com

Narkin
55391 Chezem Road
Eugene, OR 97405



EUGENE OR
EXCELSIOR STA 97405
USPS
JAN
22
2015

7014 2120 0004 1686 6763

CERTIFIED MAIL®

Class Action Clerk
U.S. District Court for the Northern
District of California
450 Golden Gate Ave.
San Francisco, CA 94102

94102$3432 C004

FIRST CLASS

UNITED STATES
POSTAL SERVICE®

1000

94102

00114950-04

U.S. POSTAGE
PAID
EUGENE, OR
97405
JAN 22, 15
AMOUNT
$5.14



May 30, 2014

Clerk of the U. S. District Court
for the Northern District of California
San Francisco Division
450 Golden Gate Ave.
San Francisco, CA 94102

Re: Larsen et al. v. Trader Joe's Company
    Case No. 3:11-cv-05188-WHO
    Objection to the Settlement

Dear Clerk of the Court:

This letter is an objection to the proposed Settlement. I am a Settlement Class Member
who swears under penalty of perjury that he purchased Trader Joe's Company Product
during the Class Period and has not opted out of the Settlement, and I am not being
represented by counsel. I do intend to appear at the Final Approval Hearing.

The basis of my objection are three fold: 1) There is no adequate showing that the
proposed Settlement bears any relationship to the alleged damages inflicted by Defendant
on Plaintiffs; 2) The actions of Class Counsel, including improper use of a protective
order, are indicia of a consciousness of unfairness and collusion; and 3) The amount of
the proposed attorney fees of up to $950,000.00 constitute over reaching, represents
unjust enrichment, and shocks the conscience.

In its Stipulation and Settlement Statement published on the case web site, Class
Counsel failed to recite what particular discovery, what proceedings, and what
procedures led up to the proposed Settlement. Members of the class, including myself,
need to be able to look through the file, including discovery, and satisfy themselves that
the proposed Settlement is adequate, fair, and an arms length transaction, but this is not
possible because there is a Protective Order in place.

Since I am a member of the class, and therefore a client of Class Counsel, there is legal
authority to support my right to access and scrutinize Class Counsel's file. Beside the
Rules of Professional Conduct, there is *In the Matter of Kaleidoscope, Inc.* 15 B.R. 232
(Bkrutcy. D.Ga. 1981) where the court held that the attorney is an agent of the client and
may not refuse to turn over any portion of client's file, and may not assert work-product
privilege against client. And in *Resolution Trust Corp. v. H---, P.C.* 128 F.R.D. 647
(N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file belong to
the client, and that neither the attorney-client privilege nor work-product doctrines were
applicable.

The protective order in place in this case was the result of a joint motion by both Class Counsel and the Defense. Under Rule 26©, a district court may issue a protective order overruling the public's right to access the fruits of pretrial discovery for *good cause*. For good cause to exist under Rule 26 (c, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c test." *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News, Inc. v. U.S. District Court—N.Dist. (San Jose)* 187 F.3d 1096, 1103 (9th Cir. 1999).

Here, no particularized showing of good cause with respect to each individual document was presented, and as a class member with the right to object to any settlement, my right to access to discovery is far greater than merely a right afforded to a member of the general public.

Additionally, under the cloak of a protective order, Class Counsel saw no need to engage in real discovery to determine what the case was worth. Instead, they were free to discuss attorney fees without the bother of having to be adversaries on behalf of the Class. Once they discovered what attorney fees were acceptable to the defense, they saw no need to discover more.

Therefore, I oppose the proposed settlement and demand greater information on how it represents an adequate result for Class Plaintiffs. I request that the protective order be either vacated or modified so that class members may determine whether discovery was adequate. I also oppose the amount of attorney fees requested as being way above what might be considered reasonable.


Very truly yours,

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
541-852-5507
mpilot2001@aol.com



arkin
5391 Chezem Road
ugene, OR 97405

9410283A32 C004

Clerk of the U. S. District Court
for the Northern District of California
San Francisco Division
450 Golden Gate Ave.
San Francisco, CA 94102

UNITED STATES
POSTAL SERVICE

1000      94102      $0.49
                     0003739+-11

RECEIVED

MAR 21 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

March 13, 2014

Clerk of the U. S. District Court
for the Northern District of California
280 South 1st Street
San Jose, CA 95113

Re: Rose v. Bank of America Corp.,
    Case No. 11-cv-02390-EJD (N.D. Cal.)
    Objection to the Settlement

Dear Clerk of the Court:

This letter is an objection to the proposed Settlement. I am a Settlement Class Member who has not opted out of the Settlement, and I am not being represented by counsel. I do intend to appear at the Final Approval Hearing.

The basis of my objection are three fold: 1) There is no adequate showing that the proposed Settlement bears any relationship to the alleged damages inflicted by Defendants on Plaintiffs; 2) The actions of Class Counsel are indicia of a consciousness of unfairness and collusion; and 3) The amount of the proposed attorney fees and costs of up to $8,020,976 constitutes over reaching, represents unjust enrichment, and shocks the conscience.

In its Stipulation and Settlement Statement published on the case website, Class Counsel failed to recite what discovery, what proceedings, and what procedures led up to the proposed Settlement. On February 25, 2014, I telephoned the office of Class Counsel and asked to speak to someone about this proposed Settlement. I was transferred to Jennifer who identified herself as a paralegal who would answer my questions. When I asked her how many people were in the class, what discovery had taken place, and what pretrial activity had been accomplished, she said she didn't know, and didn't know who had that information. I then asked her if I could look through the file and satisfy myself that the proposed Settlement was adequate, fair, and an arms length transaction, but I was told that would never be permitted.

The next day I received a telephone call from Jennifer saying that an attorney with the firm would like to talk with me about my request. A telephone conference was scheduled for 10 AM on February 28th, and I waited from 9:55 AM to 11 AM on that date to receive that telephone call, but it never came. Nor was there any attempt to reach me thereafter.

Since I am a member of the class, and therefore a client of Class Counsel, there is plenty of legal authority to support my right to access and scrutinize Class Counsel's file. Beside

the Rules of Professional Conduct, there is *In the Matter of Kaleidoscope, Inc.* 15 B.R. 232 (Bkrutcy. D.Ga. 1981) where where the court held that the attorney is an agent of the client and may not refuse to turn over any portion of client's file, and may not assert work-product privilege against client. And in *Resolution Trust Corp. v. H---, P.C.* 128 F.R.D. 647 (N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file belong to the client, and that neither the attorney-client privilege nor work-product doctrines were applicable.

Therefore, I oppose the proposed settlement and demand greater information on how it represents an adequate result for Class Plaintiffs. I also oppose the amount of attorney fees and costs requested as being way above what might be considered reasonable.

Very truly yours,

Michael Narkin

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
541-852-5507

cc: Lieff Cabraser Heimann & Bernstein, LLP



March 26, 2014

Clerk of the U. S. District Court
for the Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

Re: Rosales v. FitFlop U.S.A., Inc.,
     Case No. 3:11-cv-00973-W(JMA) (S.D. Cal.)
     Objection to the Settlement

Dear Clerk of the Court:

This letter is an objection to the proposed Settlement. I am a Settlement Class Member who purchased Eligible FitFlop Footwear during the Class Period and has not opted out of the Settlement, and I am not being represented by counsel. I do intend to appear at the Final Approval Hearing.

The basis of my objection are three fold: 1) There is no adequate showing that the proposed Settlement bears any relationship to the alleged damages inflicted by Defendants on Plaintiffs; 2) The actions of Class Counsel, including improper use of a protective order, are indicia of a consciousness of unfairness and collusion; and 3) The amount of the proposed attorney fees of up to $1,325 million plus costs of approximately $180,000 constitute over reaching, represents unjust enrichment, and shocks the conscience.

In its Stipulation and Settlement Statement published on the case website, Class Counsel failed to recite what particular discovery, what proceedings, and what procedures led up to the proposed Settlement. On March 25, 2014, I telephoned the office of Class Counsel and asked to speak to someone about this proposed Settlement. My call was returned by attorney Tim Blood. When I asked him if I could look through the file, including discovery, and satisfy myself that the proposed Settlement was adequate, fair, and an arms length transaction, but I was told that would not be possible since there was a Protective Order in place. Mr. Blood was kind enough to email me a copy of that Order.

Since I am a member of the class, and therefore a client of Class Counsel, there is plenty of legal authority to support my right to access and scrutinize Class Counsel's file. Beside the Rules of Professional Conduct, there is *In the Matter of Kaleidoscope, Inc.* 15 B.R. 232 (Bkrutcy. D.Ga. 1981) where the court held that the attorney is an agent of the client and may not refuse to turn over any portion of client's file, and may not assert work-product privilege against client. And in *Resolution Trust Corp. v. H—, P.C.* 128 F.R.D. 647 (N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file

belong to the client, and that neither the attorney-client privilege nor work-product doctrines were applicable.

The protective order in place in this case was the result of a joint motion by both Class Counsel and the Defense. Under Rule 26(c, a district court may issue a protective order overruling the public's right to access the fruits of pretrial discovery for ***good cause***. For good cause to exist under Rule 26 (c, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." ***Phillips v. G.M. Corp.,*** 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c test." ***Beckman Indus., Inc. v. Int'l Ins. Co.,*** 966 F.2d 470, 476 (9th Cir. 1992). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." ***San Jose Mercury News, Inc. v. U.S. District Court—N.Dist. (San Jose)*** 187 F.3d 1096, 1103 (9th Cir. 1999).

Here, no particularized showing of good cause with respect to each individual document was presented, and as a class member with the right to object to any settlement, my right to access to discovery is far greater than merely a right afforded to a member of the general public.

Additionally, under the cloak of a protective order, the attorneys may have seen no need to engage in real discovery. Instead, they were free to discuss attorney fees without the bother of having to be adversaries on behalf of the Class.

Therefore, I oppose the proposed settlement and demand greater information on how it represents an adequate result for Class Plaintiffs. I also oppose the amount of attorney fees and costs requested as being way above what might be considered reasonable.

Very truly yours,

Michael Narkin

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
541-852-5507

cc: Timothy G. Blood
    William S. Ohlemeyer

January 25, 2015

Clerk of the U. S. District Court
for the Northern District of Ohio
1716 Spielbusch Avenue
Toledo, OH 43604

Re: In re: Polyurethane Foam Antitrust Litigation
     Case No. 1:10-md-02196-JZ
     Objection to the Settlement in both the Leggett & Platt and Carpenter Cases

Dear Clerk of the Court:

This letter is an objection to the proposed Class Action Settlements and request for
attorney's fees in both cases. I am a class member who is not being represented by
counsel, and I do not intend to appear at the Final Approval Hearing.

I adopt and incorporate the objections of other class members. In addition,
the basis of my objection are four fold: 1) There is no adequate showing that the proposed
Settlement bears any relationship to the alleged damages inflicted by Defendant on
Plaintiffs; 2) The actions of Class Counsel, including improper request for a protective
order, may be indicia of a consciousness of unfairness and collusion; 3) The amount of
the proposed attorney fees of up to 30% plus over.$8,113,000 in expenses constitute over
reaching and represents unjust enrichment; and 4) The Settlements does not protect the
interests of sub-classes members who may have other, unrelated claims against
defendants such as those arising from tort

In its Settlement Statement published on the case web site, Class Counsel failed to recite
what particular discovery results, what particular proceedings, and what particular
procedures led up to the proposed Settlement. Members of the class, including myself,
need to be able to look through the file, including discovery, and satisfy themselves that
the proposed Settlement is adequate, fair, and an arms length transaction, but this is not
possible because there is a protective order in place. Instead, we are offered only empty
recitations naming types of discovery that could have been copied from a law school
hornbook, and the examples of discovery that are set forth raise red flags about
unnecessary and unproductive procedures such as taking the deposition of an individual
who took the 5th amendment as would be expected because of the associated criminal
proceedings. If the role of an objector is to have any meaning, it must be coupled with the
right to scrutinize the case file and verify the details.

Since I am a member of the class, and therefore a client of Class Counsel, there is legal authority to support my right to access and scrutinize Class Counsel's file. Beside the Rules of Professional Conduct, there is *In the Matter of Kaleidoscope, Inc.* 15 B.R. 232 (Bkrutcy. D.Ga. 1981) where the court held that the attorney is an agent of the client and may not refuse to turn over any portion of client's file, and may not assert work-product privilege against client. And in *Resolution Trust Corp. v. H---, P.C.* 128 F.R.D. 647 (N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file belong to the client, and that neither the attorney-client privilege nor work-product doctrines were applicable.

The protective order in place was the result of a joint collaboration between Class Counsel and the Defense, and it raises the specter of collusion. Under Rule 26©, a district court may issue a protective order overruling the public's right to access the fruits of pretrial discovery for *good cause*. For good cause to exist under Rule 26 ©, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c test." *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News, Inc. v. U.S. District Court—N.Dist. (San Jose)* 187 F.3d 1096, 1103 (9th Cir. 1999). Class Counsel and the Defense obtained a protective order, but they avoided the Court's scrutiny that may have benefited members of the class.

Here, no particularized showing of good cause with respect to each individual document was presented, and as a class member with the right to object to any settlement, my right to access to discovery is far greater than merely a right afforded to a member of the general public.

Additionally, under the cloak of a protective order, Class Counsel may have seen no need to engage in real discovery to determine what the case was worth. Instead, they were free to discuss attorney fees without the bother of having to be adversaries on behalf of the Class. Once they discovered what attorney fees were acceptable to the defense, they may have seen no need to discover more.

Rule 23 sets no particular standards for objectors, but it sets high standards, including high ethical standards, for class counsel in class action cases such as this. In *Eubank v. Pella Corp.* (a case decided June 2, 2014) Nos. 13-2091, 13-2133, 13-2136, 13-2162, 13-2202, the Seventh Circuit removed Class Counsel for "demonstrated" lack of integrity in another matter completely independent of the instant case before the Court. And in *Creative Montessori Learning Centers v. Ashford Gear LLC,* 662 F.3rd 913, 918 (7th Cir. 2011) the Court ruled that only slight misconduct by Class Counsel was grounds for removal.

Therefore, I oppose the proposed settlement and demand greater information on how it

represents an adequate result for Class. I request that the protective order be either vacated or modified so that class members may determine whether discovery was adequate. I also oppose the amount of attorney fees requested as being way above what might be considered reasonable especially because the red flags raised by unnecessary depositions meant only to pad Class counsel's lodestar.

I declare, under penalty of perjury, that I purchased carpet cushion and/or underlay and polyurethane pads from defendants during the class period.

Very truly yours,

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
541-852-5507
mpilot2001@aol.com

cc  Daniel R. Warncke
    Joe Rebein
    James H. Walsh
    William A. Isaacson
    Stephen R. Neuwirth

3

CLERK'S OFFICE
D.C....

2015 FEB 27 PM 2 23

February 24, 2015

U. S. District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

Re: Demmick v. Cellco Partnership d/b/a Verizon Wireless
    Case No. 06-2163
    Objection to the Settlement

Dear Clerk of the Court:

This letter is an objection to the proposed Class Action Settlement and request for
attorney's fees. I am a class member who is not being represented by counsel, and I do
not intend to appear at the Final Approval Hearing.

I adopt and incorporate the objections of other class members, and, in addition,
the basis of my objection are four fold: 1) There is no adequate showing that the proposed
Settlement bears sufficient relationship to the alleged damages inflicted by Defendant on
Plaintiffs; 2) The actions of Class Counsel, including improper request for a protective
order, may be indicia of a consciousness of unfairness and collusion; 3) The amount of
the proposed attorney fees of up to 30 % of the total award constitute over reaching and
represents unjust enrichment, 4) Members of sub-classes are not being adequately
represented.

In its Settlement Statement published on the case web site, Class Counsel failed to recite
what particular discovery results, what particular proceedings, and what particular
procedures led up to the proposed Settlement. Members of the class, including myself,
need to be able to look through the file, including discovery, and satisfy themselves that
the proposed Settlement is adequate, fair, and an arms length transaction, but this is not
possible because there is a protective order in place. Instead, we are offered only empty
recitations naming types of discovery that could have been copied from a law school
hornbook. If the role of an objector is to have any meaning, it must be coupled with the
right to scrutinize the case file and verify the details.

Since I am a member of the class, and therefore a client of Class Counsel, there is legal
authority to support my right to access and scrutinize Class Counsel's file. Beside the
Rules of Professional Conduct, there is *In the Matter of Kaleidoscope, Inc.* 15 B.R. 232
(Bkrutcy. D.Ga. 1981) where the court held that the attorney is an agent of the client and
may not refuse to turn over any portion of client's file, and may not assert work-product

privilege against client. And in **_Resolution Trust Corp. v. H---, P.C._** 128 F.R.D. 647 (N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file belong to the client, and that neither the attorney-client privilege nor work-product doctrines were applicable.

The protective order in place in this case was the result of a joint collaboration between Class Counsel and the Defense, and it raises the specter of collusion. Under Rule 26 (c, a district court may issue a protective order overruling the public's right to access the fruits of pretrial discovery for **_good cause_**. For good cause to exist under Rule 26 (c, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." **_Phillips v. G.M. Corp.,_** 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c test." **_Beckman Indus., Inc. v. Int'l Ins. Co.,_** 966 F.2d 470, 476 (9th Cir. 1992). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." **_San Jose Mercury News, Inc. v. U.S. District Court—N.Dist. (San Jose)_** 187 F.3d 1096, 1103 (9th Cir. 1999). Class Counsel and the Defense obtained a protective order, but they avoided the Court's scrutiny that may have benefited members of the class.

Here, no particularized showing of good cause with respect to each individual document was presented, and as a class member with the right to object to any settlement, my right to access to discovery is far greater than merely a right afforded to a member of the general public.

Additionally, under the cloak of a protective order, Class Counsel may have seen no need to engage in real discovery to determine what the case was worth. Instead, they were free to discuss attorney fees without the bother of having to be adversaries on behalf of the Class. Once they discovered what attorney fees were acceptable to the defense, they may have seen no need to discover more.

Rule 23 sets no particular standards for objectors, but it sets high standards, including high ethical standards, for class counsel in class action cases such as this. In **_Eubank v. Pella Corp._** (a case decided June 2, 2014) Nos. 13-2091, 13-2133, 13-2136, 13-2162, 13-2202, the Seventh Circuit removed Class Counsel for "demonstrated" lack of integrity in another matter completely independent of the instant case before the Court. And in **_Creative Montessori Learning Centers v. Ashford Gear LLC,_** 662 F.3[rd] 913, 918 (7th Cir. 2011) the Court ruled that only slight misconduct by Class Counsel was grounds for removal.

Therefore, I oppose the proposed settlement and demand greater information on how it represents an adequate result for Class. I request that the protective order be either vacated or modified so that class members may determine whether discovery was adequate. I also oppose the amount of attorney fees requested as being way above what might be considered reasonable..

2

I declare, under penalty of perjury, that I am a Verizon customer and have been for at least 15 years with a Family SharePlan with higher rates for after-allowance minutes.

Very truly yours,

Michael Narkin

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
Home 541-852-5507, Verizon cell numbers 408-499-8040 & 408-499-9886
mpilot2001@aol.com

cc: Robert A. Curtis, Esq., Foley Bezek Behle & Curtis, LLP

cc: Henry Weissmann, Esq., Munger, Tolles & Olson LLP

3