# United States Court of Appeals
## For the First Circuit

Nos. 15-1207
    15-1208

VALERIE BEZDEK, individually and on
behalf of all others similarly situated,

Plaintiff, Appellee,

v.

VIBRAM USA, INC.; VIBRAM FIVEFINGERS, LLC,

Defendants, Appellees,

MADELINE MONTI CAIN; JUSTIN FERENCE; MICHAEL NARKIN,

Interested Parties, Appellants.

No. 15-1209

BRIAN DEFALCO,

Plaintiff, Appellee,

v.

VIBRAM USA, INC.; VIBRAM FIVEFINGERS, LLC,

Defendants, Appellees,

JUSTIN FERENCE,

Interested Party, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Torruella, Lynch, and Barron,
Circuit Judges.

Christopher T. Cain, with whom Scott & Cain, David Aisenberg, and Looney Cohen & Aisenberg LLP were on brief, for Cain and Ference.
Christopher M. Morrison, with whom Dana Baiocco and Jones Day were on brief, for Vibram USA, Inc. and Vibram FiveFingers, LLC.
Janine L. Pollack, with whom Wolf Haldenstein Adler Freeman & Herz LLP was on brief, for Bezdek and DeFalco.

December 31, 2015

**LYNCH**, **Circuit Judge**.  Objectors to a class action settlement bring this appeal from a district court order approving settlement and awarding attorneys' fees.  Bezdek v. Vibram USA Inc., 79 F. Supp. 3d 324 (D. Mass. 2015).  The underlying action concerned allegedly deceptive advertising and marketing claims made about the health benefits of certain "barefoot" running shoes.  The objectors argued both to the district court and to us that the class notice was misleading, positing a higher potential recovery than the actual recovery; that it was unfair for objectors to be required to provide proofs of purchase; that the injunctive relief in the settlement had no value; and that class counsel was paid too much.

The district court carefully explained its reasons for rejecting the claims.  The district court did not abuse its discretion in deciding that the settlement terms were fair, adequate, and reasonable.  Nor did the district court abuse its discretion in awarding attorneys' fees.  We affirm.

I.

Three putative class action complaints filed in 2012 alleged that Vibram USA, Inc., and Vibram FiveFingers, LLC (together, "Vibram") engaged in deceptive marketing of FiveFingers "barefoot" footwear by making false claims about the footwear's health benefits.

- 3 -

The first complaint was filed in the District of Massachusetts by Valerie Bezdek on March 21, 2012. On July 18, 2012, Vibram moved to dismiss Bezdek's amended complaint for failure to state a claim. On February 20, 2013, the district court dismissed Bezdek's unjust enrichment claim but allowed the suit to proceed under various state consumer protection laws. Bezdek v. Vibram USA Inc., No. 12-10513, 2013 WL 639145 (D. Mass. Feb. 20, 2013).

The second complaint was filed in the Central District of California by Ali Safavi on July 9, 2012. Safavi v. Vibram USA Inc., No. 12-cv-05900 (C.D. Cal. filed July 9, 2012). On September 24, 2012, the Safavi action was stayed pending a class certification ruling in Bezdek. Safavi is not a party to this appeal. The parties have agreed that the Safavi action will be dismissed if this settlement is approved.

The third complaint was filed in Illinois state court by Brian DeFalco on August 8, 2012, and removed to the Northern District of Illinois on September 11, 2012. Notice of Removal at 1-2, DeFalco v. Vibram USA, LLC, No. 12-cv-07238 (N.D. Ill. Sept. 11, 2012). DeFalco was subsequently transferred to the District of Massachusetts, where it was consolidated with Bezdek.

Extensive written discovery ensued. On December 12, 2013, the parties reached a settlement agreement in principle. At that time, the plaintiffs had not motioned for class certification

or identified experts on class issues, and neither party had taken depositions.

On April 30, 2014, the parties submitted a proposed settlement agreement, followed shortly after by a joint amended proposed settlement agreement. The proposed settlement agreement would establish a $3.75 million settlement fund to provide refunds to class members who submit claims. Refunds would be paid on a pro rata basis, up to a maximum of $94 per pair of shoes, the average retail price. The proposed settlement agreement suggested that "[b]ased on the experience of similar settlements of class actions, it is reasonable to expect that Class Members may receive payment in the range of $20.00 to $50.00 per pair." It is noteworthy that the language did not set a minimum floor for recovery.

Refunds for up to two pairs of shoes could be obtained by submitting only a valid Claim Form. Class members seeking a refund for more than two pairs of shoes would be required to submit a Claim Form plus proof of purchase.

Administrative and notice costs, attorneys' fees, and incentive awards for the named plaintiffs would be paid out of the settlement fund. Additionally, Vibram would promise to refrain from making representations of health benefits associated with FiveFingers footwear unless such statements could be supported by reliable evidence. Vibram also agreed not to oppose class

- 5 -

counsel's application for an award of attorneys' fees not exceeding twenty-five percent of the settlement fund.

Any class member could object by submitting a written statement of objections and by providing a proof of purchase with the submission.

On May 12, 2014, the district court preliminarily approved the settlement. The district court also certified a class for settlement purposes only, approved Bezdek as the class representative and her counsel as lead class counsel, set a fairness hearing date, approved notice and claims procedures, set requirements and deadlines for exclusions and objections, and set deadlines for class counsel's application for attorneys' fees.

Notice was distributed to the class in various ways, including direct notice by email and postal mail, publication in various media outlets, and maintenance of a website and toll-free telephone number to provide settlement-related information to class members. The Class Notice (emailed to reasonably identifiable class members) stated that: "Based on experience from other similar settlements of class actions, it is reasonable to expect that Class Members may receive a payment in the range of $20.00 to $50.00 per pair." The Postcard Notice (mailed to identified class members unreachable by email) and the Summary Settlement Notice (published in various media outlets) had similar language but also noted that recovery "could . . . decrease

- 6 -

depending on various factors, including the number of valid claims." The proposed settlement agreement was also reported on by numerous news outlets and "went viral" on social media.

Some 154,927 timely claims were filed, representing 279,570 pairs of FiveFingers footwear. Objections were filed by three individuals: Madeline Cain,[1] Justin Ference, and Michael Narkin. None of the three complied with the requirement in the proposed settlement agreement that a proof of purchase must be submitted with an objection to establish class membership. Only one of the three objectors, Ference, submitted a Claim Form.

On October 29, 2014, the district court held a fairness hearing. At the fairness hearing, class counsel informed the district court that while the Settlement Administrator was still working through the claims, it was expected that because of a "higher than expected claim rate," claimants would receive "around $9 per pair." On November 12, 2014, class counsel informed the district court that the estimated refund was $8.44 per pair.

On January 16, 2015, the district court entered a memorandum and order granting plaintiffs' motion for final approval of the proposed settlement and motion for attorneys' fees and expenses. The district court began by noting that "there are genuine questions as to the status of the objectors as class

---

[1] Cain is represented by her father, Christopher Cain.

members" but that it would "consider[] the merits of the objectors' assertions to the extent they raise questions [it] would ask independently in [its] own review of the proposed settlement." The district court found that notice was given to class members by the best means practicable under the circumstances; certified the settlement class; found the settlement to be fair, reasonable, and adequate; and awarded attorneys' fees and expenses to class counsel and incentive awards to the named plaintiffs.

On January 21, 2015, the district court entered a final order approving the settlement and issued final judgment. Cain, Ference, and Narkin have appealed.[2]

II.

Under Federal Rule of Civil Procedure 23(e)(2), a class action settlement must be "fair, reasonable, and adequate." The case law offers "laundry lists of factors" pertaining to reasonableness, but "the ultimate decision by the judge involves balancing the advantages and disadvantages of the proposed settlement as against the consequences of going to trial or other possible but perhaps unattainable variations on the proffered settlement." Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund, 582 F.3d 30, 44 (1st Cir. 2009).

---

[2] Only Cain's and Ference's appeals are before this panel because Narkin's appeal has already been dismissed with prejudice. Bezdek v. Vibram USA, Inc., No. 15-1219 (1st Cir. Sept. 22, 2015).

"If the parties negotiated at arm's length and conducted sufficient discovery, the district court must presume the settlement is reasonable." In re Pharm. Indus. Average Wholesale Price Litig., 588 F.3d 24, 32-33 (1st Cir. 2009).

We review the district court's approval or disapproval of a settlement for abuse of discretion. Nat'l Ass'n of Chain Drug Stores, 582 F.3d at 45. Under that standard, embedded legal issues are reviewed de novo and factual findings are reviewed for clear error. Id. We review a district court's decision on attorneys' fees for abuse of discretion. In re Volkswagen & Audi Warranty Extension Litig., 692 F.3d 4, 13 (1st Cir. 2012).

While we agree with the district court that "there are genuine questions as to the status of the objectors as class members," we consider the merits of the objections and affirm notwithstanding those issues.

A. Class Notice Disparity Between Estimated and Actual Refund

The objectors argue that the district court failed to properly consider the fact that class members will receive an actual payment that is significantly less than what was estimated at the time the settlement was preliminarily approved. They argue that the settlement should not have received final approval where notices to the class estimated a refund of between $20 and $50 per pair of shoes, but it became known after the deadline to object

that the fund would actually only permit a payment of $8.44 per pair of shoes.

It is true that the district court's opinion did not deal directly with the arguments that the notices projected a much higher settlement payment than the $8.44 which ensued, and that this was a misrepresentation that voided the settlement. But the district court's order indirectly dealt with these claims.

Contrary to the objectors' claims, there was no misrepresentation in the notices sent to class members. The Summary Settlement Notice and the Postcard Notice both contained explicit language that recovery could "decrease depending on various factors, including the number of valid claims." Although the Class Notice did not contain such language, it did not misrepresent the situation. By stating that "[b]ased on experience from other similar settlements of class actions, it is reasonable to expect . . . $20.00 to $50.00 per pair," the Class Notice provided an estimated range of recovery but did not guarantee any amount of recovery.

The district court found that a refund of $8.44 per pair of shoes, even if lower than originally estimated, was a fair settlement amount given the uncertainty of success that the plaintiffs faced at trial. The district court found that the plaintiffs faced "two sizable hurdles as to injury and damages" and that even if the plaintiffs were able to prevail, it would

- 10 -

only be after extended litigation, the costs of which would decrease the net benefit of any damages award at trial. There was no abuse of discretion in the district court's conclusion that a refund of $8.44 per pair, although modest, was a fair compromise that accounted for the risks faced by both parties if litigation had continued.

The objectors also suggest that class counsel should have anticipated that the number of claims actually filed would be higher, thus reducing the recovery amount. They argue that class counsel should have negotiated a minimum payment for class members at the outset, renegotiated the total settlement amount when a greater-than-expected number of claims were filed, or waived a portion of their attorneys' fees and paid out those extra funds to class members. The objectors cite no legal authority to show that it was an abuse of discretion for the district court to approve the settlement in the absence of such countermeasures. The fact that a better deal for class members is imaginable does not mean that such a deal would have been attainable in these negotiations, or that the deal that was actually obtained is not within the range of reasonable outcomes. The district court's conclusion that $8.44 per pair was fair and reasonable was not an abuse of discretion.

B.   <u>Proof of Purchase Requirement for Filing an Objection</u>

The objectors take issue with the requirement that objectors file proofs of purchase, even though proof of purchase

is not required of a class member filing a Claim Form for up to two pairs of shoes. They argue that the higher standard is imposed on objectors as a punitive measure intended to dissuade class members from objecting.

The ultimate question for the district court was whether the settlement was fair, reasonable, and adequate. The imposition of a harsher requirement on objectors than on claimants could bear on the fairness analysis by tipping a court off to the possibility of collusion or bad faith. But if the fairness of the settlement ultimately stands up to scrutiny, then the imposition of disparate requirements on objectors does not provide an independent basis for invalidating the settlement. That is the case here. The district court carefully scrutinized the refunds provided to class members under the settlement and concluded that the settlement was fair, and it did not abuse its discretion in doing so.[3]

---

[3] Although the fact that a disparate requirement was imposed on objectors does not change the result in this case, we do not rule out the possibility that it could ever be relevant in some other respect.

Because parties to a settlement have a shared incentive to impose burdensome requirements on objectors and smooth the way to approval of the settlement, district courts should be wary of possible efforts by settling parties to chill objections. By monitoring class counsel and providing courts with crucial information on which to evaluate proposed settlements, meritorious objectors can be of immense help to a district court in evaluating the fairness of a settlement. See Redman v. RadioShack Corp., 768 F.3d 622, 629 (7th Cir. 2014). Of course, it is also important for district courts to screen out improper objections because objectors can, by holding up a settlement for the rest of the

C.  Injunctive Relief

The objectors argue that the injunctive relief in the settlement is "illusory and amount[s] to no relief at all" because it obligates Vibram not to do things that Vibram is legally obligated not to do anyway.

The district court directly considered and rejected this objection.  The settlement requires Vibram to discontinue its purportedly false advertising campaign unless Vibram obtains "competent and reliable scientific evidence to substantiate" such claims.  This is a meaningful concession given that the falsity of the advertising was the central disputed issue in the suit.  The district court did not abuse its discretion in concluding that injunctive relief against continuation of the allegedly false advertising was "a valuable contribution to this settlement agreement."  The fact that changes in future Vibram marketing will not remedy past harm to consumers does not make such relief meaningless to those consumers.

D.  Attorneys' Fees

The objectors contest the award of attorneys' fees for a number of different reasons.

---

class, essentially extort a settlement of even unmeritorious objections.  See Newberg on Class Actions § 13:21 (5th ed.).

First, the objectors contest the clear-sailing term in the settlement agreement, in which Vibram agreed not to oppose attorneys' fees that do not exceed twenty-five percent of the settlement fund. They argue that class counsel must have bargained away something of value to the class in exchange for the provision and that as a result, class counsel engaged in self-dealing behavior. However, we have recognized that a clear-sailing agreement is not per se unreasonable. Weinberger v. Great N. Nekoosa Corp., 925 F.2d 518, 525 (1st Cir. 1991). Rather, courts are directed to give extra scrutiny to such agreements. Id.

Recognizing its duty to undertake such heightened scrutiny, the district court reviewed the amount of fees under each of the two methods recognized in our circuit. See In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 305 (1st Cir. 1995) (describing two methods). Applying the percentage of the fund method, the district court found that twenty-five percent of the fund is consistent with what other district courts found to be reasonable. See Latorraca v. Centennial Techs. Inc., 834 F. Supp. 2d 25, 27-28 (D. Mass. 2011). Applying the lodestar method, in which the number of hours expended is multiplied by a reasonable hourly rate for similarly situated attorneys, the district court found that the fees represented roughly sixty-eight percent of the lodestar. The district court

did not abuse its discretion in concluding that, under either method of calculation, the attorneys' fee award was reasonable.

The objectors argue that class counsel's fee was nonetheless unreasonable given the amount of work they performed. They argue that the case never proceeded much past the pleading stage and that there was minimal briefing on dispositive motions, no class certification proceedings, few substantive motion hearings, no depositions, and no summary judgment or trial proceedings. But the district court, after requesting supplemental filings from parties in support of final approval of settlement, recognized that there was "extensive fact discovery," "some significant motion practice," and an attempt at mediation. There was no abuse of discretion in the district court's award of attorneys' fees.

## III.

We affirm.